STATE of Minnesota, Respondent,

v.

Roger OLSON, Appellant.

No. 81–1369.

Supreme Court of Minnesota.

Dec. 3, 1982.

C. Paul Jones, State Public Defender, Ronald E. Hunter, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Thomas A. Weist, Richard Osborne, Asst. County Attys., and Beverly J. Wolfe, Minneapolis, for respondent.

**WAHL, Justice.**

Defendant was charged with being a felon in possession of a pistol, Minn.Stat. § 624.713, subds. 1(b) and 2 (1980). He waived his right to trial by jury. The trial court found defendant guilty as charged. The trial court sentenced defendant to 19 months in prison and executed the sentence.[1] On this appeal from judgment of conviction, defendant contends (1) that his conviction should be reversed outright on the ground that the evidence that he possessed the pistol was legally insufficient or (2) that he should at least be given a new trial because the trial court prejudicially erred in admitting evidence concerning extrajudicial statements defendant made to police on the scene and later at the station. We affirm.

Police lawfully stopped defendant's car at 1 a.m. on July 2, 1981, after observing a traffic violation. While in the squad car running a driver's license check and a warrant check, an officer observed defendant making furtive movements within his car. Upon learning that there was an outstanding felony warrant for defendant's arrest on a parole violation, the police arrested defendant. After placing defendant in the squad car, the officers returned to defendant's car to see if anyone else was in it. They found a man, Richard Sanchez, lying in the back seat. Sanchez was heavily intoxicated and had passed out. After rousing him, the police put him in a separate squad car, then returned to defendant's car, where they saw the butt end of the frame of a .22 caliber handgun sticking out from between the driver's seat and the backrest. On the front seat, within reach of where defendant had been seated, the officers found a cylinder that, when placed in the gun, made the gun operable. The cylinder was loaded with six lead hollow point .22 caliber bullets. When one of the officers told defendant that they had found a gun,

---

1. The presumptive sentence for the offense (severity level III) by a person with defendant's criminal history score (three) is 19 months stayed. The trial court dispositionally departed from the presumptive sentence at defendant's request. *State v. Randolph,* 316 N.W.2d 508 (Minn.1982).

defendant stated that he had cooperated with police in turning in drug pushers and that, on the advice of police, he used the gun for his personal protection against the pushers. Later, shortly after being booked, defendant was given a *Miranda* warning for the first time and questioned about the gun. He repeated the explanation for his possession that he made to the officer at the scene of the arrest.

At trial defendant testified that the gun was not his but that of his passenger, Sanchez. Defendant testified that Sanchez had been driving the car earlier in the evening. A friend of defendant who claimed he was with defendant and Sanchez earlier in the evening testified that Sanchez was playing with the gun in the car and that he told Sanchez to put it away. Sanchez admitted that the gun was his but claimed that he blacked out about 5 or 6 hours before the time of arrest and that he had no memory of how the gun got to where it was found.

1. Defendant's first contention is that the state failed to meet its burden of proof on the issue of possession and that therefore his conviction should be reversed outright.

 In *State v. Florine,* 303 Minn. 103, 226 N.W.2d 609 (1975), we discussed the constructive-possession doctrine in detail. We need not repeat here what we said there. It is sufficient to say that the state must prove beyond a reasonable doubt that, although not in actual or physical possession of the item at the time of the arrest, the defendant consciously exercised his dominion or control over it. We are satisfied that the state met its burden of proof in this case.

2. Defendant's other contentions relate to the admission of his statements to police at the scene following his arrest and at the station following his booking. Specifically, defendant contends that (a) the first statement was inadmissible because the officer failed to give him a *Miranda* warning before talking with him about the gun that they had found and (b) the second statement was inadmissible because (i) it was a fruit of the earlier illegality and (ii) defendant was too intoxicated at the time to make a valid *Miranda* waiver. We have concluded that it is unnecessary for us to address these contentions because it is clear that any error in the admission of the statements was nonprejudicial. It is likely that if the state had not offered the statements in its case in chief, the defendant still would have testified. If he had done so, the statements clearly would have been admissible to impeach his testimony. *United States v. Havens,* 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980); *Oregon v. Hass,* 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). More importantly the trial court expressly stated that even without the benefit of the evidence concerning defendant's statements, it still would have found defendant guilty as charged. Since the evidence of defendant's guilt would have been sufficient even without the statements, the trial court would have been justified in so finding. Under the circumstances, we conclude that if there was error in admitting the statements, the error was not prejudicial.

Affirmed.