# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3545
_____

Mary D. Branch

*Plaintiff - Appellant*

v.

Officer Timothy Gorman; Officer Christopher Garbisch; City of Minneapolis

*Defendants - Appellees*

Minneapolis Department of Civil Rights

*Movant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 24, 2013
Filed: February 12, 2014

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

BYE, Circuit Judge.

Mary D. Branch filed this action pursuant to 42 U.S.C. § 1983 and Minnesota state law claiming officers of the Minneapolis Police Department violated her

Constitutional rights when they arrested her. The district court[1] granted summary judgment for defendants on the federal constitutional claims and dismissed the Minnesota state law claims. Branch appeals, arguing she proffered sufficient evidence to show the defendant officer violated her clearly established rights. We affirm.

I

Pursuant to the proper standard of review, described below, the following are the facts as most favorable to Branch. Branch was a passenger in her husband's car when her husband was pulled over and arrested on an outstanding warrant at approximately 12:30 a.m. on September 3, 2007. Officer Christopher Garbisch of the Minneapolis Police Department affected the arrest of Branch's husband. Officer Timothy Gorman arrived to assist.

After Branch's husband was arrested, the two officers approached the vehicle to speak with Branch. Branch opened her door under instruction from Officer Gorman. Branch believed she was being released and would be driving home. Branch thus walked around the vehicle and got into the driver's seat. The officers then removed Branch from the vehicle, sitting her down on the curb.

About the time Branch was removed from the driver's seat, one of the officers opened the passenger side door. That officer pulled out a small metal flask from inside the vehicle, retrieving it from the floor under the passenger seat. Branch did not know the flask was in the vehicle and was not drinking. At least one of the officers opened the flask, shook it, and proclaimed it empty. Officer Garbisch opened the flask's cap but could not see through its narrow opening; however, he detected a

---

[1]The Honorable Richard H. Kyle, United States District Court for the District of Minnesota.

strong odor of alcohol suggesting to Officer Garbisch at least some amount of alcohol was in the flask. During this time period, Branch asked several times to use the bathroom.

Garbisch arrested Branch for violating Minnesota's open-container law, Minn. Stat. § 169A.35, subd. 3 ("It is a crime for a person to have in possession, while in a private motor vehicle upon a street or highway, any bottle or receptacle containing an alcoholic beverage, distilled spirit, or 3.2 percent malt liquor that has been opened, or the seal broken, or the contents of which have been partially removed."). Branch was transported to the Hennepin County jail, booked, and released. The charge against Branch was later dropped. Testing of the flask found 10ccs of alcohol.

On September 11, 2007, Branch filed a Charge of Discrimination with the Minneapolis Department of Civil Rights. The Department of Civil Rights dismissed Branch's Charge of Discrimination on December 22, 2010. Branch filed this lawsuit on July 29, 2011, against Officers Garbisch and Gorman, in their individual and official capacities, and against the City of Minneapolis. The complaint asserted four claims: (1) unreasonable seizure under the Fourth Amendment; (2) false arrest and false imprisonment under Minnesota law; (3) civil conspiracy to deprive Branch of her civil rights; and (4) violation of the Minnesota Human Rights Act, Minn. Stat. § 363A, by discriminating against Branch based on her race and disability in the area of public services.

Before discovery was complete, Branch moved for partial summary judgment as to liability on her unreasonable seizure claim and false arrest and false imprisonment claim. The district court denied the motion. After the completion of discovery, Branch renewed her motion for summary judgment as to defendants' liability. Defendants filed a motion for summary judgment on all of Branch's claims and sought qualified immunity. As relevant to this appeal, the district court granted

Officer Garbisch qualified immunity and dismissed the Fourth Amendment claim. Branch appeals the district court's ruling regarding Officer Garbisch.

## II

Appellate review of a grant of summary judgment is made de novo, applying the same standard as the district court. Roers v. Countrywide Home Loans Inc., 728 F.3d 832, 834 (8th Cir. 2013). Summary judgment will only be granted if the evidence shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a summary judgment motion, "a court must view the evidence in the light most favorable to the nonmoving party." Roers, 728 F.3d at 835 (internal quotation marks omitted).

Appellate review of a finding of qualified immunity is also made de novo. Clayborn v. Struebing, 734 F.3d 807, 808 (8th Cir. 2013). Qualified immunity is available to government officials who prove their conduct did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity applies if there is even 'arguable probable cause'" for arrest. Clayborn, 734 F.3d at 808 (quoting Borgman v. Kedley, 646 F.3d 518, 523 (8th Cir. 2011)). This court applies a two-part test in examining qualified immunity: (1) whether the facts alleged, construed in the light most favorable to Branch, establish a violation of a constitutional or statutory rights, and (2) whether that right was clearly established at the time of the alleged violation, such that a reasonable officer would have known his actions were unlawful. Clayborn, 734 F.3d at 809. "Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based in probable cause if the mistake is objectively reasonable." Ulrich v. Pope Cnty., 715 F.3d 1054, 1059 (8th Cir. 2013) (internal quotations omitted).

Branch asserts the district court erred in finding no genuine issues of material fact existed as to whether Officer Garbisch violated her constitutional right to be free from arrest without probable cause. Branch argues Officer Garbisch had no probable cause to arrest her because (1) Branch did not have possession of the flask, and (2) Officer Garbisch believed there was no alcohol in the flask.

Regarding possession, Branch argues Officer Garbisch had no probable cause to arrest her, and a reasonable officer would have known there was no probable cause, because (1) Minnesota has a proximity-plus test for possession; (2) Branch was not in proximity to the flask; and (3) there were no additional factors supporting a determination of constructive possession.

In Minnesota, possession can be established through actual or constructive possession. State v. Florine, 226 N.W.2d 609, 610 (Minn. 1975). In Florine, the Minnesota Supreme Court adopted a two-pronged inquiry for determining criminal liability for constructive, unlawful possession. Id. Under the Florine test, Minnesota must show either (1) the substance was found in a place under defendant's exclusive control to which other people did not normally have access, or (2) if found in a place to which others had access, "there is a strong probability (inferable from other evidence) that defendant was at the time consciously exercising dominion and control over it." Id. at 611.

Mere proximity to contraband without more is insufficient to sustain a criminal conviction based on constructive possession under Minnesota law. Branch argues no additional evidence shows constructive possession and cites a number of Minnesota cases which are not persuasive in this context. The Minnesota cases discussing crimes of possession focus on the guilt standard (beyond a reasonable doubt), not the arrest standard (probable cause), and fail to establish the additional factors known to Officer Garbisch as inapplicable to proving constructive possession. See, e.g., State v. Olson, 326 N.W.2d 661, 662 (Minn. 1982). At the time of Branch's arrest,

Garbisch knew Branch had been in the passenger seat of the vehicle, in the immediate vicinity of the flask. The flask was available to Branch as it was easily accessible underneath the passenger seat. Thus, Officer Garbisch had arguable probable cause to conclude Branch was in constructive possession of the flask found in her immediate vicinity.

As Branch acknowledges, only additional indicia of possession is needed to show constructive possession of the flask. Officer Garbisch was reasonable in viewing the time of day, Branch being non-cooperative, and Branch repeatedly asking to urinate as additional factors sufficient for probable cause to arrest for constructive possession. These are not post-hoc justifications for the arrest; based on the totality of the circumstances, Officer Garbisch had probable cause to arrest Branch.

Regarding whether the flask contained alcohol, Branch argues an outstanding dispute exists as to whether Officer Garbisch believed the flask contained alcohol. According to Branch, the officers opened the flask and proclaimed it empty. Officer Garbisch testified he opened the flask and detected a strong odor of alcohol, suggesting the flask contained alcohol. This factual dispute, however, is not material because even if Officer Garbisch knew the flask was empty, he is entitled to qualified immunity.

Minnesota law does not appear to require a container to contain alcohol at the time of arrest, but merely at some point while the vehicle was moving. Courts routinely find probable cause under open container laws when police officers observe empty bottles in vehicles. Branch must show a reasonable officer would have known his actions were unlawful, <u>Clayborn</u>, 734 F.3d at 809, but in this circumstance a reasonable officer would have thought arresting Branch, who was possessing an empty alcohol bottle, lawful. In <u>Guidry v. Boyd</u>, No. 06 C 1600, 2007 WL 2317174 (N.D. Ill. July 17, 2007), the court, at the summary judgment stage, analyzed a similar statute and found "[e]ven assuming that a bottle was empty on the floor of the front

passenger compartment, its presence was sufficient to create probable cause to arrest" for violation of the open-container law because "[t]he presence of an open empty alcohol container in the passenger area of a car would make a reasonable police officer believe that a suspect had been transporting alcohol in an open container." Id. at *10; see also, Thomas v. City of New York, No. 05 Civ. 6449, 2008 WL 3456173, *3 (S.D.N.Y. Aug. 12, 2008) ("[T]he factual dispute as to whether the container was empty is immaterial in light of the . . . determination that possession of an empty container may give rise to probable cause for an arrest."); People v. Montanez, No. C053012, 2007 WL 2045582 (Cal. Ct. App. July 18, 2007) ("Whether the bottle was empty is irrelevant."). The Minnesota statute may reasonably be read similarly. Even if Officer Garbisch knew the flask was empty, the arrest was not unlawful because a reasonable officer could have concluded Branch violated the law and had recently finished consuming the alcohol based on the flask's proximity to her.

Viewing the record and drawing all reasonable inferences in the light most favorable to Branch, while simultaneously viewing the facts from the perspective of a reasonable officer on the scene, Officer Garbisch's decision to arrest Branch was reasonable. The officer's conduct did not show plain incompetence or a knowing violation of the law. Officer Garbisch is entitled to qualified immunity.

III

The judgment of the district court is affirmed.

_____

-7-