UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-6920**

_____

JOHN W. OREM; SHER OREM,

        Plaintiffs - Appellants,

    v.

MATTHEW W. GILLMORE, individually,

        Defendant - Appellee,

    and.

JOHN DOE, individually,

        Defendant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:18-cv-00050-GMG-RWT)

_____

Submitted:  April 29, 2020                   Decided:  May 11, 2020

_____

Before MOTZ, AGEE, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John Hague Bryan, Union, West Virginia, for Appellant.  Michael D. Mullins, Charleston, West Virginia, Tracey B. Eberling, Katherine M. Moore, STEPTOE & JOHNSON PLLC,

Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John and Sher Orem appeal the district court's order granting Matthew Gillmore's motion for summary judgment in the Orems' 42 U.S.C. § 1983 (2018) action.[*] In their complaint, the Orems alleged that Gillmore performed an unreasonable, warrantless search of their home, in violation of the Fourth Amendment; falsely arrested John Orem, in violation of the Fourth Amendment; and infringed on their right to privacy, in violation of the Fourteenth Amendment. We affirm the grant of summary judgment on all claims.

We review an order granting summary judgment de novo, "drawing reasonable inferences in the light most favorable to the non-moving party." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 408 (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (internal quotation marks omitted).

---

[*] The district court dismissed Defendant John Doe without prejudice, finding that it did not appear that the Orems could identify him. The Orems do not challenge this ruling in their opening brief and thus have waived the issue on appeal. *See Abdul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 290 (4th Cir.) ("[C]ontentions not raised in the argument section of the opening brief are abandoned." (internal quotation marks omitted)), *cert. denied*, 139 S. Ct. 607 (2018).

On the Orems' first claim—that Gillmore performed an unreasonable, warrantless search of their home—the district court found that Gillmore is entitled to qualified immunity. "Qualified immunity shields officials from civil liability [under § 1983] so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Adams v. Ferguson*, 884 F.3d 219, 226 (4th Cir. 2018) (internal quotation marks omitted). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he or she is doing violates that right." *Id.* (brackets and internal quotation marks omitted). To overcome the shield of qualified immunity, there need not have been "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (internal quotation marks omitted). We conclude that, under the circumstances of this case, the reasonableness of Gillmore's warrantless search is not "beyond debate." Accordingly, the district court did not err in determining that Gillmore is entitled to qualified immunity on this claim.

On the Orems' second claim—that Gillmore violated John Orem's Fourth Amendment rights by arresting him without a warrant or probable cause—the district court granted summary judgment on the ground that the claim is barred by the statute of limitations. Here, the district court erred. "The Supreme Court has directed that we apply a state's statute of limitations governing general personal injury actions when considering § 1983 claims." *Battle v. Ledford*, 912 F.3d 708, 713 (4th Cir. 2019). In West Virginia, general personal injury actions have a two-year statute of limitations. W. Va. Code § 55-

4

2-12(b) (2019). John Orem was arrested on August 2, 2016, and the Orems filed the subject § 1983 action on April 9, 2018. The false arrest claim was therefore timely.

However, this Court is not bound by the district court's reasoning and "may affirm on any basis fairly supported by the record." *Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (internal quotation marks omitted). "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Probable cause is not a high bar, and it must be assessed objectively based on a totality of the circumstances, including common-sense conclusions about human behavior." *United States v. Jones*, 952 F.3d 153, 158 (4th Cir. 2020) (internal quotation marks omitted). "In assessing the totality of the circumstances, it is appropriate to consider specifically: an officer's practical experience and the inferences the officer may draw from that experience." *United States v. Humphries*, 372 F.3d 653, 657 (4th Cir. 2004).

Even if Gillmore did not have probable cause to arrest John Orem on the circumstances present in this case, the question is certainly not "beyond debate." *Mullenix*, 136 S. Ct. at 308 (internal quotation marks omitted); *see also Branch v. Gorman*, 742 F.3d 1069, 1072 (8th Cir. 2014) ("Qualified immunity applies if there is . . . arguable probable cause," which "exists even where an officer mistakenly arrests a suspect believing it is based in probable cause if the mistake is objectively reasonable" (internal quotation marks omitted)). We therefore conclude that the district court did not err in granting summary

5

judgment on this claim because, as with the Orems' unreasonable search claim, Gillmore is entitled to qualified immunity.

In their final claim, the Orems alleged that Gillmore violated their Fourteenth Amendment right to privacy through a variety of actions, including taking and disseminating a photograph of John Orem handcuffed to a bench in the police barracks, notifying the media about details of John Orem's medical emergency and arrest, and delaying John Orem's arraignment to give the media time to arrive at the courthouse. As the district court found, each of these allegations is mere speculation with no evidentiary support. Accordingly, the district court did not err in granting Gillmore summary judgment on this claim. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013) (providing that, to survive summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence").

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*