Anthony Renee ALLEN, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 1997–CA–001781–MR.

Court of Appeals of Kentucky.

Oct. 2, 1998.

Case Ordered Published by
Supreme Court Aug. 18, 1999.

Discretionary Review Denied
by Supreme Court Aug. 18, 1999.

Bruce P. Hackett, Daniel T. Goyette, Louisville, for Appellant.

A.B. Chandler III, Attorney General, Christopher M. Brown, Assistant Attorney General, Frankfort, for Appellee.

Before: BUCKINGHAM, KNOX, and SCHRODER, JUDGES.

*OPINION*

KNOX, Judge.

Anthony Renee Allen appeals from his convictions of the offenses of promoting prostitution in the first degree and use of a minor in a sexual performance. He was sentenced to a period of seven (7) years.

Appellant and L. M., a minor seventeen (17) years of age at the time of appellant's trial, met in September of 1995, when appellant picked L.M. up in his car as she was walking along Dixie Highway in Louisville. L.M. was sixteen (16) years of age at the time. According to L. M., she informed appellant of her age during their conversation. Later in the day, they went to a motel where they engaged in sexual intercourse.

Over the next month, appellant convinced L.M. to work for him as a prostitute. After being instructed by appellant on the basics of working as a prostitute, L.M. worked the streets of Old Louisville and gave appellant her earnings. In March of 1996, L.M. was arrested for the offense of prostitution by Detective George Langford (Langford) of the Louisville Division of Police Vice Intelligence Unit. Further, that same month, L.M. was treated at a local emergency room for injuries received when appellant pushed her into a wall and hyper-extended her thumb.

L.M. was again arrested for prostitution on two (2) separate occasions, in November and December 1996. After the November arrest, L.M. gave Langford information about appellant's activities which then led to appellant's arrest. Appellant was indicted for one count of promoting prostitution in the first degree and one count use of a minor in a sexual performance. In May 1997, a jury convicted him of both offenses. Appellant agreed to waive jury sentencing, and accepted a sentence of seven (7) years on each count, to run concurrently.

Appellant argues that: (1) No evidence existed corroborating L. M.'s testimony; and, (2) Even if corroborating evidence arguably did exist, the jury should have been instructed under KRS 529.060(2). Appellant takes the position that the issue of corroboration is an issue of fact for the jury. The Commonwealth argues that the issue of corroboration is a question of law, and that once the trial court determined that L. M.'s testimony was corroborated by other evidence, the case was properly submitted to the jury without a corroboration instruction.

First, we do not believe the trial court erred in refusing to give a corroboration instruction. KRS 529.060(2) reads:

No person shall be convicted of promoting prostitution solely on the uncorrob-

orated testimony of a person whose prostitution activity he is alleged to have advanced or from whose prostitution activity he is alleged to have profited.

We agree with appellant that, unless L. M.'s testimony that appellant advanced and profited from her prostitution activities is corroborated by other evidence, appellant would be entitled to a directed verdict of acquittal. However, we believe that L. M.'s testimony is corroborated by what the parties refer to as "rap lyrics" composed by appellant and sent to L.M. as part of a letter appellant wrote to her. Those "rap lyrics," which appellant termed a "pome," generally describe how appellant met L.M. and corroborate her testimony as to how he picked her up in his car and took her to an "inn." The "pome" further describes how he "fixed the ho plenty of tricks" and how his "pockets got fatter." We agree with the trial court that appellant's literary effort, by describing events in a way consistent with L. M.'s description of them, corroborates her testimony.

We do not believe the trial court was required to give a corroboration instruction. While no Kentucky case appears to exist on precisely the question of whether a corroboration instruction must be given to a jury in a promoting prostitution case, some tradition has been established in Kentucky, in the context of RCr 9.62 [1], now abolished, that the issue of corroboration of accomplice testimony was a question of law for the court. Further, in *Williams v. Commonwealth*, 306 Ky. 225, 206 S.W.2d 922 (1947), the Court ruled that, notwithstanding prior case authority, § 240 of the old *Civil Code of Practice*,[2] did not require a corroboration instruction

regarding a confession where the corpus delicti had been sufficiently established by other evidence. *Williams*, 206 S.W.2d at 923.

■ Likewise, we hold here that the question of corroboration in a promoting prostitution case is one of law for the trial court to determine, and once corroboration has been sufficiently established, it is unnecessary to give an instruction under KRS 529.060(2) on the issue of corroboration. Rather, the jury is instructed to determine if it believes beyond a reasonable doubt that the defendant committed the offense charged.

■ Next, appellant argues that his convictions of the offenses of promoting prostitution in the first degree and use of a minor in a sexual performance violate the prohibition against double jeopardy. In *Commonwealth v. Burge*, Ky., 947 S.W.2d 805 (1997), our highest Court adopted the double jeopardy analysis of the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) and *United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). The test for determining whether double jeopardy occurs is "whether the act or transaction complained of constitutes a violation of two distinct statutes, and if it does, if each statute requires proof of a fact the other does not." *Burge*, 947 S.W.2d at 811.

KRS 529.030, which sets out the elements of the offense of promoting prostitution in the first degree, reads:

(1) A person is guilty of promoting prostitution in the first degree when he knowingly:

---

1. RCr 9.62 provided: A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof. In the absence of corroboration as required by law, the court should

instruct the jury to render a verdict of acquittal.

2. Section 240, like present RCr 9.60, stated, in part, "[a] confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied by other proof that such an offense was committed."

(a) Advances prostitution by compelling a person by force or intimidation to engage in prostitution or profits from such coercive conduct by another; or

(b) Advances or profits from prostitution of a person less than eighteen (18) years old.

(2) Promoting prostitution in the first degree is a Class C felony:

(a) If it involves a violation of subsection (1)(a) of this section or if the minor so used is less than eighteen (18) years old at the time the minor engages in the prohibited activity[.]

KRS 531.310, which sets out the elements of the offense of using a minor in a sexual performance, reads:

(1) A person is guilty of the use of a minor in a sexual performance if he employs, consents to, authorizes or induces a minor to engage in a sexual performance.

(2) Use of a minor in a sexual performance is:

(a) A Class C felony if the minor so used is less than eighteen (18) years old at the time the minor engages in the prohibited activity[.]

■ At first blush, the elements of both offenses appear to bear great similarity to each other. However, promoting prostitution appears to be a crime that involves an entrepreneurial element in that the crime appears to be a profit-motivated offense. "Prostitution," by definition, necessarily involves an exchange of sexual activity for money.[3] Thus, one cannot be guilty of promoting prostitution in the first degree unless one either in some fashion "advances" the conduct of a party engaged in the exchange of sexual favors for a fee, or unless one receives compensation directly from the prostitute.

■ On the other hand, the crime of using a minor in a sexual performance

appears to relate to the exhibition of minors in performances of a sexual nature, without any requirement that the person who "employs, consents to, authorizes or induces" a minor to so perform profits from the activity. Further, the use of a minor in a sexual performance appears to encompass instances where the minor does not engage in sexual conduct with a fee-paying customer, but rather, "performs" in an exhibitory manner, even to the extent of engaging in sexual conduct with a co-performer. It is not a requirement of this offense that the minor be paid, or that the person charged with the offense receive any compensation from it.

Because we believe that each statute requires proof of a fact that the other does not, we do not believe appellant's convictions for both offenses violates the double jeopardy clause. However, we agree with appellant's position that the Commonwealth failed to produce evidence sufficient to justify appellant's conviction for the offense of use of a minor in a sexual performance.

■ First, an issue is made that appellant did not preserve that argument for appellate review. At the close of the evidence in this case, appellant's trial counsel moved for a directed verdict. However, the defense made no argument that the Commonwealth failed to prove the element of "performance." While that indeed appears to be true, we believe that we should nevertheless address appellant's argument under the "palpable error" rule expressed in RCr 10.26.

■ Appellant specifically argues that the Commonwealth failed to produce any evidence that L.M. had engaged in a "performance" as defined in KRS 531.300. The Commonwealth argues that a performance within the meaning of KRS 531.310 indeed occurred when L.M. engaged in sexual activity with each customer. However, we do not agree.

---

**3.** KRS 529.020(1): "A person is guilty of prostitution when he engages or agrees or offers to engage in sexual conduct with another person in return for a fee."

KRS 531.300(5) defines "performance" as "any play, motion picture, photograph or dance. Performance also means any other visual representation exhibited before an audience." KRS 531.300(6) defines "sexual performance" as "any performance or part thereof which includes sexual conduct by a minor."

The Commonwealth takes the position that a customer who participates in sexual conduct with a minor is an "audience," as that word is used in the definition of "performance." However, we believe the fact that L.M. did more with each customer than merely exhibit herself to him, i.e. she participated in sexual conduct with each customer, removes this case from the ambit of KRS 531.310. We do not believe that KRS 531.310 is intended to apply to instances where one actively participates in sexual conduct with the minor. As such, we do not believe sufficient evidence has been adduced to convict appellant of using L.M. in a sexual performance. Rather, it is our opinion the crime of promoting prostitution in the first degree is the only offense for which appellant could be convicted, given the factual circumstances of this case.

Accordingly, we affirm appellant's conviction for the offense of promoting prostitution in the first degree, reverse his conviction of the offense of use of a minor in a sexual performance, and remand this case to the trial court with instructions to dismiss the latter charge.

ALL CONCUR.