671 N.W.2d 597 (2003)
In the Matter of the Welfare of C.M.A.
No. A03-773.
Court of Appeals of Minnesota.
November 18, 2003.
*598 Mike Hatch, Attorney General, St. Paul, MN; and Alan L. Mitchell, St. Louis County Attorney, Angela K. Shambour, Assistant St. Louis County Attorney, Duluth, MN, for appellant county.
Mark D. Nyvold, St. Paul, MN, for respondent C.M.A.
Considered and decided by MINGE, Presiding Judge, KLAPHAKE, Judge, and PETERSON, Judge.

*599 OPINION
KLAPHAKE, Judge.
The State of Minnesota appeals from an order denying its motion to reconsider a prior order dismissing a delinquency petition charging 15-year-old respondent C.M.A with second-degree burglary under Minn.Stat. § 609.582, subd. 2(a) (2002). The district court determined that the delinquency petition lacked probable cause because respondent's confession was not sufficiently corroborated by independent evidence that the charged offense had been committed, as required by Minn.Stat. § 634.03 (2002).
Because the district court erred in its application of Minn.Stat. § 634.03 and in dismissing the petition for lack of probable cause, we reverse and remand with instructions to reinstate the petition against respondent.

FACTS
On February 11, 2003, at about 3:00 p.m., Roger Rose returned home to find the front door and the sliding glass door to the deck open. When he went inside, he discovered that someone had rummaged through all of the bedrooms. He called his wife, Bonnie Rose, and they contacted the St. Louis County Sheriff's department after ascertaining that approximately $1,500 in cash was missing from the home.
When Deputy Pat Olson arrived, he notice footprints in the snow leading to the deck. The tracks led Olson to believe that the burglar had stood on top of some pipes to look into a bedroom window. The Roses reported that they had a spare key hidden under a deck joist, which apparently had been used to enter the home without force and which was found inside on top of the bed in the master bedroom.
The Roses provided Olson with a list of things missing from the bedrooms, including approximately $1,500 in paper bills and several containers of change and old coins. The family suspected several of one daughter's former friends and gave the names of those suspects to Olson. They mentioned respondent and indicated that she knew the location of the spare key.
Chief Shawn Padden of the Duluth Township Police Department conducted a follow-up investigation and prepared a supplemental report that formed the basis for the delinquency petition. His report indicated that respondent had stayed with the Rose family for a period of time and that she knew the location of the spare key. When Padden checked school records, he discovered that respondent had skipped school on the day of the burglary and that she had been arrested at about 3:00 p.m. that day for shoplifting at a mall. Padden's report also stated: "It is believed the arresting [Duluth Police Department] officer, Kelly Greenwalt, located approximately $300.00 cash on [respondent's] person." Padden's report further noted that other officers had reported that respondent had been associating with a male who owned a white Chevrolet Lumina.
On February 20, Padden visited respondent at her home. Padden "outlined the burglary," and told respondent that she was a suspect. Respondent initially denied any involvement, but eventually admitted that she committed the burglary. Respondent provided the following written confession:
Tuesday February 11[a]t about 1 p.m. I drove my friend[']s white Chevy Lumina out to the house. I pulled up in the driveway and parked then went up to the door and knocked. Nobody was there. I remembered where the key was so I went in the house. I went in the parents room and looked through everything and found money. Then I went downstairs in the basement and *600 found two buckets of change. I went in [one of the daughter's rooms] and found a couple of dollars. I then left and went to the bank with the buckets of change. Then I went up to the Mall and bought a pair of pants, a zip up jacket and a t-shirt. Then got caught stealing and they brought me home. Then when I went home and went downtown. I was just spending money. I spent money at Subway and Sharks. I spent money at Coney Island. I took cabs everywhere. I got a motel room at Motel 6.
Respondent turned several items of clothing over to Padden, which she claimed to have purchased with the stolen money. That evening, respondent's father, who had not been at home when Padden visited, called Padden and reported to him that respondent wanted to move to Arizona to avoid the consequences of her involvement in the burglary.
A delinquency petition was filed and respondent was arrested. At the omnibus hearing, respondent challenged the corroboration of her confession and moved to dismiss for lack of probable cause. The district court excluded the confession from the probable cause determination because "[n]one of the facts or evidence in the police reports is sufficient to corroborate [r]espondent's confession under the requirements of Minn.Stat. § 634.03." Without the confession, the court found no probable cause and dismissed the charges against respondent.
The state filed a motion for reconsideration, which the district court denied. This appeal followed.

ISSUES
1. Is this appeal taken from a nonappealable order?
2. Did the district court err in applying Minn.Stat. § 634.03 (2002) to this probable cause determination and in concluding that respondent's confession could not be considered because it was not corroborated?

ANALYSIS

I.
Respondent initially challenges the state's appeal as taken from a nonappealable pretrial order. The state is generally prohibited from appealing a pretrial order dismissing a juvenile petition for lack of probable cause. Minn. R. Juv. P. 21.04, subd. 1 ("Orders dismissing a petition for lack of probable cause ... are not appealable."). But case law provides an exception to this rule and allows the state to appeal when the lack of probable cause determination presents a legal question. In re Welfare of C.P.W., 601 N.W.2d 204, 207 (Minn.App.1999) (holding that state may appeal from district court's dismissal of juvenile petition for lack of probable cause if based on legal question), review denied (Minn. Nov. 23, 1999).
The rationale for this exception is that when the court's order involves an issue of law, a dismissal for lack of probable cause effectively prevents further prosecution and makes any attempt by the state to reissue the complaint fruitless; the order is thus final and appealable. See State v. Diedrich, 410 N.W.2d 20, 22 (Minn.App. 1987); State v. Aarsvold, 376 N.W.2d 518, 520 (Minn.App.1985), review denied (Minn. Dec. 30, 1985). When the dismissal is based on factual determinations or when the prosecution has additional evidence that it could present, the order is not appealable because the prosecution could later reinstate its case and does not need the right of appeal. Id.
Here, the district court's dismissal of the petition for lack of probable cause is premised on its determination that respondent's confession could not be considered under Minn.Stat. § 634.03 (2002). Because our *601 review of the district court's decision involves a legal question based upon the legal interpretation of this statute, we conclude that the district court's order is appealable.

II.
A probable cause determination is designed to determine if it is fair and reasonable to require the defendant to stand trial. State v. Florence, 306 Minn. 442, 457, 239 N.W.2d 892, 902 (1976). The court must determine whether there is probable cause to believe that an offense has been committed and that the defendant committed that offense. State v. Hookom, 474 N.W.2d 624, 630 (Minn.App. 1991).
"The facts establishing probable cause may be set forth in writing in the charging document or police reports may be attached to the charging document." Minn. R. Juv. P. 6.05, subd. 1. Even though a police report or even a confession might not be admissible at trial, these documents, if reliable, may be considered to establish probable cause. See In re Welfare of E.Y.W., 496 N.W.2d 847, 850 (Minn.App.1993) (when determining whether probable cause has been shown, entire record must be examined, including evidence which would not be admissible at trial, such as police reports and hearsay), review denied (Minn. Apr. 20, 1993).
Minn.Stat. § 634.03 is entitled "Confession, Inadmissible When," and provides:

A confession of the defendant shall not be sufficient to warrant conviction without evidence that the offense charged has been committed; nor can it be given in evidence against the defendant whether made in the course of judicial proceedings or to a private person, when made under the influence of fear produced by threats.
(Emphasis added.) Minnesota cases have stated that the statute serves to discourage coercively acquired confessions and make admissions reliable. In re Welfare of M.D.S., 345 N.W.2d 723, 735 (Minn. 1984); State v. Brant, 436 N.W.2d 468, 470-71 (Minn.App.1989). But the statute also serves the more "modest objective [of] protecting against the risk of conviction for a crime that never occurred." 1 Charles T. McCormick, McCormick on Evidence § 145, at 523 (John W. Strong, et al. eds., 5th ed.1999).
The statute is generally cited when challenging the sufficiency of evidence to support a conviction on appeal. See State v. Koskela, 536 N.W.2d 625, 629 (Minn.1995) (rejecting defendant's claim, on appeal from conviction, that his statements to others were insufficient to sustain his conviction for burglary); M.D.S., 345 N.W.2d at 735 (rejecting defendant's argument on appeal from conviction that state produced insufficient independent evidence of crime so as to corroborate her own inculpatory statement). It may also be used, in an appropriate case, by a trial judge when deciding whether there is sufficient evidence for a case to go to the jury. McCormick on Evidence § 145, at 521.
Minn.Stat. § 634.03 represents a codification of the requirement that the corpus delecti, or the "body of the crime," be established by evidence independent of a confession. State v. Lalli, 338 N.W.2d 419, 420 (Minn.1983). Thus, the statute requires that the corroborating evidence show the harm or injury and that it was occasioned by criminal activity; it need not show that the defendant was the guilty party because the confession itself provides that link. See McCormick on Evidence § 146, at 525-26. The requirement has also been read to require the state to *602 produce "enough evidence to identify [a] defendant and to bolster and substantiate [his or her] own admissions." M.D.S., 345 N.W.2d at 735.
Here, the corpus delecti was undisputedly established by evidence independent of respondent's confession. That evidence consisted of the Roses' report to police on the day of the burglary and the report of the officer who responded to the scene and who confirmed the Roses' statements. This evidence, which was independent of respondent's confession, established that the Roses' home was burglarized on February 11, 2003, prior to 3:00 p.m., that entry was gained by discovery of a hidden spare key, that respondent knew the location of the key, and that approximately $1,500 in bills and change was taken from the bedrooms located throughout the house. The district court thus erred in reading Minn.Stat. § 634.03 to require independent evidence to corroborate the confession and in refusing to consider the confession at the probable cause stage of these proceedings.
We further note that, even without respondent's confession, sufficient evidence appears to have existed to link respondent to the crime so as to establish probable cause. "Probable cause exists if evidence worthy of consideration ... brings the charge ... within a reasonable probability." State v. Flicek, 657 N.W.2d 592, 596 (Minn.App.2003) (quotation omitted). Besides the Roses' report to police and the responding officer's report, the state presented evidence in the form of Padden's follow-up investigation and report, which established that respondent was not in school at the time of the burglary and that she had been arrested at the mall for shoplifting that afternoon, reportedly with approximately $300 in cash on her. Thus, even without respondent's confession, the evidence links respondent to the crime so as to establish probable cause. See Lalli, 338 N.W.2d at 420 (rejecting defendant's claim that, without his confession, there was insufficient evidence to establish that evidence was sufficient for grand jury to indict him).

DECISION
The district court erred in its application of Minn.Stat. § 643.03 to require independent corroboration of respondent's confession; the statute requires corroboration of the corpus delecti independent of the confession. The district court also erred in concluding that, without respondent's confession, probable cause did not exist to charge respondent with burglary. We therefore reverse the district court's dismissal of the delinquency petition and remand for reinstatement of the petition.
Reversed and remanded.