*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1901**


State of Minnesota,
Respondent,

vs.

Anthony Otto Boyum,
Appellant.


**Filed September 15, 2014
Affirmed
Bjorkman, Judge**


Waseca County District Court
File No. 81-CR-12-669

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Paul Dressler, Waseca County Attorney, Rachel Cornelius, Assistant County Attorney, Waseca, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Rodenberg, Judge; and Toussaint, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges his controlled-substance conviction, arguing that the evidence is insufficient to support his conviction and that the district court abused its discretion by declining to instruct the jury that a confession must be corroborated by independent evidence. We affirm.

**FACTS**

On July 21, 2012, Janesville Police Officer Mark Vanderwilt stopped appellant Anthony Otto Boyum's vehicle because Boyum, the sole occupant, was not wearing his seatbelt. Officer Vanderwilt asked Boyum if there was anything he should know about in the vehicle. Boyum responded no, and Officer Vanderwilt searched the vehicle, finding a zip-lock bag containing 70 pills in the center console.[1] Boyum said that he found the pills on his property and was taking them to the sheriff's office. Boyum lives in Waseca, which has a sheriff's office. The stop occurred in Janesville.

Respondent State of Minnesota charged Boyum with fifth-degree possession of a controlled substance. At trial, a Minnesota Bureau of Criminal Apprehension agent testified that she tested one of the 70 pills found in Boyum's vehicle, and determined the pill contained amphetamine. Officer Vanderwilt could not recall if Boyum indicated whether he knew what substance the pills contained.

Boyum requested an instruction advising the jury that the state must provide evidence independent of his confession establishing that the charged crime occurred. The

---

[1] Boyum does not challenge the basis for the search.

district court denied Boyum's request, determining that Boyum's statement was not a confession under Minn. Stat. § 634.03, and that even if it was, there was independent evidence that the crime occurred. The jury found Boyum guilty as charged, and Boyum appeals.

## DECISION

Boyum argues that his statement to the officer about finding the pills on his property and taking them to the sheriff's office is a confession, and the district court was required to instruct the jury that a confession is not sufficient evidence to convict without independent evidence that the offense was committed. He also argues that the evidence is insufficient as to the knowledge element of the offense. We address each argument in turn.

**I.    The district court did not commit reversible error by declining to instruct the jury that it must find evidence that the charged crime took place, independent of Boyum's statement, to find him guilty.**

A district court has broad discretion in determining how to instruct a jury, and we will not reverse where jury instructions "'overall fairly and correctly state the applicable law.'" *Gulbertson v. State*, 843 N.W.2d 240, 247 (Minn. 2014) (quoting *Stewart v. Koenig*, 783 N.W.2d 164, 166 (Minn. 2010)). A party is entitled to a specific instruction "if evidence exists at trial to support the instruction." *State v. Yang*, 774 N.W.2d 539, 559 (Minn. 2009). Failure to give a requested instruction requires a new trial only if the error had a significant impact on the verdict. *State v. Kuhnau*, 622 N.W.2d 552, 559 (Minn. 2001).

Section 634.03 provides, in relevant part, that "[a] confession of the defendant shall not be sufficient to warrant conviction without evidence that the offense charged has been committed." For purposes of this statute, "confession" means "a statement made after the commission of the offense in which the defendant implicitly or explicitly acknowledges guilt." *State v. Heiges*, 806 N.W.2d 1, 10 (Minn. 2011). Statements that are admissions of fact which in themselves are innocent and involve no criminal intent are not confessions. *State v. Smith*, 264 Minn. 307, 313, 119 N.W.2d 838, 843 (1962). Boyum characterizes his statement as a confession because the state used it at trial to argue his guilt. But we need not determine whether Boyum's statement was a confession because we are not persuaded that the district court's failure to give a corroboration instruction is reversible error.

Section 634.03 codifies the common-law doctrine of corpus delicti—that a defendant's confession alone is not sufficient to establish that a crime took place. *State v. Heiges*, 779 N.W.2d 904, 909 (Minn. App. 2010), *aff'd*, 806 N.W.2d 1 (Minn. 2011). Corroboration that the offense occurred is necessary to "protect[] against the risk of conviction for a crime that never occurred," *In re Welfare of C.M.A.*, 671 N.W.2d 597, 601 (Minn. App. 2003) (quotation omitted), and to discourage convictions based on confessions obtained by coercive law-enforcement techniques, *Heiges*, 779 N.W.2d at 909. The statute does not require independent corroboration of the defendant's confession; rather, it "requires corroboration of the *corpus delicti* independent of the confession." *C.M.A.*, 671 N.W.2d at 602. That requirement is satisfied when there is independent evidence that a crime was committed.

Boyum cites no Minnesota caselaw requiring a corroboration instruction whenever a confession is admitted. Our supreme court has held that a corroboration instruction is not required when the defendant stipulates that a crime has been committed. *State v. Weber*, 272 Minn. 243, 247, 137 N.W.2d 527, 530-31 (1965). In *Weber*, the defendant was charged with second-degree assault. *Id.* at 245, 137 N.W.2d at 529. He stipulated that the victim had been assaulted and suffered grievous bodily harm, but denied that he inflicted the harm. *Id.* at 246, 137 N.W.2d at 530. The supreme court held a corroboration instruction was not required because of the defendant's stipulation; "once a corpus delicti is established, defendant can be convicted on his own admission." *Id.* at 247, 137 N.W.2d at 531.

Courts in other jurisdictions have similarly reasoned that when the state establishes the corpus delicti independently of the defendant's confession, no corroboration instruction is necessary. In *Aguilera v. State*, for example, the defendant appealed his theft conviction. 425 S.W.3d 448, 451 (Tex. Ct. App. 2011). During a police interview, Aguilera admitted his involvement in the thefts. *Id.* at 452. The trial court denied his request for a corroboration instruction. *Id.* at 458. On appeal, the court determined that the record contained evidence other than the defendant's confession that a theft occurred, and held that "[b]ecause the *corpus delicti* rule was satisfied by the evidence . . . the trial court was not required to instruct the jury on corroboration." *Id.* at 459.[2] Likewise, the officer's discovery of a controlled substance in Boyum's vehicle is

---

[2] Other courts have similarly concluded that a corroboration instruction is not required if there is sufficient evidence to prove the corpus delicti absent the defendant's confession.

proof that a crime was committed. *See State v. Solomon*, 870 P.2d 1019, 1022 (Wash. Ct. App. 1994) ("[I]n a possession [of controlled substance] case, it is clear that a crime occurred if drugs are in the possession of someone."). Boyum's statement to the officer is not necessary to prove the corpus delicti of drug possession, so no corroboration instruction is required.

Boyum likens a defendant's confession to the testimony of an accomplice, which requires a corroboration instruction. *See* Minn. Stat. § 634.04 (2010). This argument does not persuade us. First, the two corroboration requirements are located in different statutes, which serve different purposes. *Compare* Minn. Stat. § 634.03 (establishing when a confession is sufficient to convict, and when admissible), *with* Minn. Stat. § 634.04 (barring conviction based on uncorroborated accomplice testimony). As noted above, section 634.03 serves to discourage coercively acquired confessions and protect against the "risk of conviction for a crime that never occurred." *See C.M.A.*, 671 N.W.2d at 601 (quotation omitted); *see also Heiges*, 779 N.W.2d at 911 (stating that "the main concern behind the corroboration rule is that an accused will feel coerced or induced when he or she is under the pressure of a police investigation and make a false

---

*See United States v. McDowell*, 687 F.3d 904, 912 (7th Cir. 2012); *Smith v. State*, 908 So.2d 273, 295 (Ala. Crim. App. 2000); *People v. Rosario*, 519 N.E.2d 1020, 1028 (Ill. App. Ct. 1988); *State v. Webb*, 31 N.W.2d 337, 342 (Iowa 1948); *Allen v. Commonwealth*, 997 S.W.2d 483, 485 (Ky. Ct. App. 1998); *Riggins v. State*, 843 A.2d 115, 145 (Md. Ct. Spec. App. 2004); *Gribble v. State*, 808 S.W.2d 65, 72 n.15 (Tex. Crim. App. 1990); *Watkins v. Commonwealth*, 385 S.E.2d 50, 55 (Va. 1989) ("[W]here the court has made a threshold determination that sufficient corroboration of the *corpus delicti* has been adduced, independent of a confession, to permit the confession to go to the jury, an instruction submitting the issue of corroboration to the jury is inappropriate.").

confession" (quotation omitted)). In contrast, Minn. Stat. § 634.04 addresses the concern that an accomplice might testify falsely to implicate the defendant and to minimize his own guilt, and then "a jury might discredit all testimony except the accomplice testimony." *State v. Cox*, 820 N.W.2d 540, 548 (Minn. 2012). An instruction that an accomplice's testimony must be corroborated by other evidence assists the jury in evaluating the credibility of such "inherently untrustworthy" witnesses. *See State v. Evans*, 756 N.W.2d 854, 877 (Minn. 2008).

Second, corroboration of the corpus delicti has traditionally been a matter for the court, not a jury. *See* Minn. Stat. § 634.03 (referring to admissibility); *C.M.A*, 671 N.W.2d at 601 (explaining that Minn. Stat. § 634.03 "may also be used, in an appropriate case, by a trial judge when deciding whether there is sufficient evidence for a case to go to the jury"); *accord State v. Sweat*, 727 S.E.2d 691, 697 (N.C. 2012) ("Whether a confession is sufficiently corroborated under the corpus delicti doctrine is a legal question of admissibility to be determined by the trial judge."); *State v. Weller*, 644 A.2d 839, 841 (Vt. 1994) (holding that no jury instruction is required because the issue of corroboration is a "legal question to be decided by the trial court alone and should not be submitted to the jury for redetermination"); *Watkins*, 385 S.E.2d at 55 (holding that district court was not required to instruct the jury that a conviction may not be based on an uncorroborated confession because the court denied the instruction after the court determined as a threshold matter that the corpus delicti was sufficiently corroborated so no instruction was necessary).

7

Finally, the subject of the corroboration is different under each statute. The accomplice statute requires corroboration of the defendant's criminal act whereas the confession statute requires independent evidence that a crime was committed. *Compare* Minn. Stat. § 634.04 (requiring corroboration "by such other evidence as tends to convict *the defendant* of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense" (emphasis added)), *with* Minn. Stat. § 634.03 ("A confession of the defendant shall not be sufficient to warrant conviction without evidence *that the offense charged has been committed . . . .*" (emphasis added)). In sum, we are not persuaded that a corroboration instruction is required for a confession.

Even if the district court erred by declining to give a corroboration instruction, we discern no prejudice. Evidence corroborating a confession need not address every element of the charged offense; the elements of the offense may be "sufficiently substantiated by independent evidence of attending facts or circumstances from which the jury may infer the trustworthiness of the confession." *Heiges*, 779 N.W.2d at 912 (quotation omitted). Boyum was the owner and sole occupant of the vehicle in which the 70 amphetamine pills were found. The presence of the controlled substance and evidence that he was driving away from—not towards—the sheriff's office, tend to show that he unlawfully possessed a controlled substance and corroborates that the offense charged was committed independently from Boyum's statement to police.

## II.     Sufficient evidence supports Boyum's conviction.

When reviewing a sufficiency-of-the-evidence challenge, we carefully examine the evidence in the record to determine whether the fact-finder could reasonably find the

defendant guilty of the charged offense. *State v. Pratt*, 813 N.W.2d 868, 874 (Minn. 2012). When a conviction is based on circumstantial evidence, we apply a two-step analysis. *State v. Silvernail*, 831 N.W.2d 594, 598 (Minn. 2013). First, we identify the circumstances proved and defer to the jury's acceptance or rejection of evidence in support of those circumstances. *State v. Hanson*, 800 N.W.2d 618, 622 (Minn. 2011). Second, we independently examine the reasonableness of the inferences the jury could draw from those circumstances, including inferences that support a hypothesis other than guilt. *Id.* To uphold a verdict, the circumstances proved must be consistent with the hypothesis that the defendant is guilty and inconsistent with any other rational hypotheses. *Id.*

A person is guilty of a controlled-substance crime in the fifth degree if he "unlawfully possesses one or more mixtures containing a controlled substance classified in Schedule I, II, III, or IV." Minn. Stat. § 152.025, subd. 2(a)(1) (2010). The state must prove that the defendant (1) consciously possessed a controlled substance, either directly or constructively, and (2) knew that the material was a controlled substance. *State v. Florine*, 303 Minn. 103, 104, 226 N.W.2d 609, 610 (1975). To satisfy the knowledge element, the state must prove that the defendant "had actual knowledge of the nature of the substance." *Id.* Knowledge is customarily proved by circumstantial evidence, and must be inferred from the evidence. *See id.*; *see also State v. Ali*, 775 N.W.2d 914, 919 (Minn. App. 2009), *review denied* (Minn. Feb. 16, 2010). Generally, knowledge that a substance is illegal is sufficient mens rea for drug-possession crimes. *See Ali*, 775 N.W.2d at 919 (affirming conviction for possession of controlled substance based on

9

circumstantial evidence consistent with the hypothesis that the appellant knew that the substance he possessed contained an illegal drug).

Boyum argues that the evidence is not sufficient to prove he knowingly possessed a controlled substance. The state proved the following facts. Boyum was driving his vehicle in Janesville and was pulled over by Officer Vanderwilt. Officer Vanderwilt discovered a zip-lock bag with 70 loose pills in the center console. Boyum was the sole occupant of the vehicle and told Officer Vanderwilt that he found the pills on his property and was bringing them to the sheriff's office. There is a sheriff's department in Waseca, where Boyum lives. Boyum did not tell the officer about the pills when he was pulled over, or after the officer asked him if he had anything in his vehicle. The state tested one pill and determined it contained amphetamine, a Schedule II controlled substance. *See* Minn. Stat. § 152.02, subd. 3(3)(a) (2010).

These circumstances proved are consistent with the hypothesis that Boyum had constructive possession of a controlled substance. *See Florine*, 303 Minn. at 104-05, 226 N.W.2d at 610 (stating that constructive possession exists when an item is found in a place under a defendant's control to which no other person normally had access). Because the pills were found in Boyum's vehicle, it is permissible to infer that they were present with his knowledge. *See State v. Siirila*, 292 Minn. 1, 10, 193 N.W.2d 467, 473 (1971) ("[T]he inference is permissible that, marijuana having been found in a jacket shown to belong to defendant and to have been worn by him, whatever was in the jacket was there with his knowledge.").

In arguing that the evidence is insufficient to show knowing possession, Boyum cites his statement to the officer that he found the pills and was taking them to the sheriff's office as evidence that he suspected, but did not know, the pills contained a controlled substance. But this hypothesis is inconsistent with the jury's verdict. By finding Boyum guilty, the jury rejected his theory that he found the pills and was taking them to the sheriff's office, and likewise rejected his argument that his statement proves he lacked knowledge that the pills contained a controlled substance. Boyum's suggested inference—that he did not knowingly possess a controlled substance—is not a reasonable one. "[W]e will not overturn a conviction based on circumstantial evidence on the basis of mere conjecture." *State v. Andersen*, 784 N.W.2d 320, 330 (Minn. 2010) (quotation omitted). On this record, the circumstantial evidence is inconsistent with any other rational hypothesis except guilt, and is sufficient to support Boyum's conviction.

**Affirmed.**