# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A24-1948

State of Minnesota,
Respondent,

vs.

Johnathon Brock Mattson-McCarty,
Appellant.

**Filed December 22, 2025**
**Affirmed**
**Ede, Judge**

Hennepin County District Court
File No. 27-CR-23-23815

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Wynn C. Curtiss, Hopkins City Attorney, Nicole J. Appelbaum and Andrew C. Case, Assistant City Attorneys, Chestnut Cambronne PA, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Hannah Laub, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ede, Presiding Judge; Smith, Tracy M., Judge; and Cochran, Judge.

## SYLLABUS

Under the corpus delicti statute, Minnesota Statutes section 634.03 (2024), when a district court correctly denies a defendant's motion for judgment of acquittal based on its determination that the trial evidence is sufficient to be presented to the jury because evidence independent of the defendant's confession reasonably tends to prove that the defendant committed the charged offense, the court acts within its discretion by declining

to instruct the jury that a confession of the defendant shall not be sufficient to warrant conviction without evidence that the offense charged has been committed.

## OPINION

**EDE**, Judge

In this appeal from a final judgment of conviction for misdemeanor domestic assault, appellant argues: (1) that the district court erred by denying his motion for judgment of acquittal because, under the corpus delicti statute, Minnesota Statutes section 634.03 (2024), the state did not introduce evidence independent of his confession that reasonably tends to prove that he committed the charged offense; and, in the alternative, (2) that he is entitled to a new trial because the court abused its discretion by declining to instruct the jury pursuant to the corpus delicti statute that a confession of the defendant shall not be sufficient to warrant conviction without evidence that the offense charged has been committed. We conclude that the district court correctly denied appellant's motion for judgment of acquittal based on its determination that, under the corpus delicti statute, the trial evidence was sufficient to be presented to the jury because evidence independent of his confession reasonably tends to prove that he committed the charged offense. And because the district court did not err in this determination, we also conclude that the court acted within its discretion in denying the requested jury instruction. We therefore affirm.

# FACTS

Respondent State of Minnesota charged appellant Johnathon Brock Mattson-McCarty with misdemeanor domestic assault, in violation of Minnesota Statutes section 609.2242, subdivision 1(2) (2022). The matter proceeded to a jury trial, at which the state introduced the testimony of a law enforcement officer who responded to the underlying incident. The district court also received two exhibits—an audio recording of a 911 call about the incident and a video recording from the responding officer's body-worn camera. Consistent with applicable law, the following factual summary of the trial evidence is presented in the light most favorable to the state.[1]

In November 2023, an individual called 911 from a restaurant parking lot, reporting:

> [I]t seems like there is a domestic dispute in one of the cars next to me . . . . I'm not hearing anything. I'm just watching them scream at each other and the guy keeps moving closer and having like big arm movements towards the other person in the car.

The 911 caller described the people involved in the incident as being in a "black Ram truck."

The officer responded to the scene, observed an individual later identified as Mattson-McCarty walking away from a black Ram truck, and told him to stop and return, which Mattson-McCarty did. After asking what was going on, Mattson-McCarty stated that he was asking the mother of his child to leave his vehicle. The officer turned his

---

[1] *See Allwine v. State*, 994 N.W.2d 528, 537 (Minn. 2023) (stating that, in reviewing a district court's decision on a motion for judgment of acquittal, appellate courts "view all the evidence presented and draw any inferences in favor of the State").

3

attention to a woman sitting in the front passenger seat of the black Ram truck and told her to remain in place.

Mattson-McCarty continued explaining to the officer that he had just found out that the woman "was talking to someone else" and that he did not want her in his life or in his truck. Speaking from the front passenger seat of the truck, the woman said to the officer, "I guess it's fine." After telling the woman that his partner was on the way to help sort things out, the officer asked Mattson-McCarty if the situation had become "physical at all." In response, Mattson-McCarty twice admitted to the officer that he had slapped the woman.[2] Upon further questioning as to why he had done so, Mattson-McCarty stated that he "didn't know," that "it just happened in the moment," and that the fight occurred because he "looked on her phone because [he] saw something." When the officer explained to Mattson-McCarty that he had been dispatched to the scene because someone had reported hearing Mattson-McCarty and the woman "yelling and screaming at each other," Mattson-McCarty said that he "kind of knew that was coming" and decided that he "need[ed] to leave this situation somehow . . . but it was too late," as that was when the officer had arrived. The body-worn-camera footage introduced at trial depicts the woman providing the officer with her name, affirming that the child she shares with Mattson-McCarty was at her residence, and telling the officer that the child was "fine."

---

[2] Mattson-McCarty also nodded in response to the officer's subsequent questions about the assault, in which the officer asked if it was "just the one time"—i.e., "the one slap"—and whether it occurred "out of frustration."

After the state introduced the foregoing trial evidence and rested its case-in-chief, Mattson-McCarty moved for judgment of acquittal. Mattson-McCarty argued, among other things, that the state had not presented sufficient independent evidence to corroborate his confession, as required by the corpus delicti statute. The prosecutor countered that the state had introduced such evidence, including the 911 call, Mattson-McCarty's non-confessional statements, and the "totality of the circumstances." The district court denied Mattson-McCarty's motion, ruling that "there [was] enough to go to the jury" based on the audio recording of the 911 call and the officer's testimony about his investigation.

Following the district court's denial of Mattson-McCarty's motion for judgment of acquittal, defense counsel requested that the court instruct the jury under the first sentence of the corpus delicti statute, proposing that the instruction state: "A confession of the defendant shall not be sufficient to warrant conviction without evidence that the offense charged has been committed." *See* Minn. Stat. § 634.04. The state at first opposed this request in its entirety, asserting that a corpus delicti question requires "a determination for the judge to make," that the district court had "made that ruling," and that it was inappropriate to allow the jury to decide the issue. Although the state later conditionally agreed to the requested instruction—subject to the inclusion of additional language—Mattson-McCarty objected to part of the state's counter-proposal. The district court ultimately denied Mattson-McCarty's request, reasoning that the corpus delicti issue was for the court to decide, not the jury, and that the court had already ruled on the matter.

Nevertheless, the district court allowed Mattson-McCarty to argue in closing—without reference to the corpus delicti statute—that the charge was not proven beyond a

5

reasonable doubt because his confession was uncorroborated. During deliberations, the jury asked the district court: "Is admittance evidence?" The district court responded: "You have all the jury instructions that should address this question." The jury found Mattson-McCarty guilty of the charged offense.

This appeal follows.

## ISSUES

I.    Did the district court erroneously deny Mattson-McCarty's motion for judgment of acquittal under the corpus delicti statute based on its determination that evidence independent of his confession reasonably tends to prove that he committed the charged offense?

II.   Did the district court abuse its discretion by declining to instruct the jury under the corpus delicti statute that a confession of the defendant shall not be sufficient to warrant conviction without evidence that the offense charged has been committed?

## ANALYSIS

**I.    The district court correctly denied Mattson-McCarty's motion for judgment of acquittal because evidence independent of his confession reasonably tends to prove that he committed the charged offense.**

Mattson-McCarty principally challenges the district court's decision to deny his motion for judgment of acquittal under the corpus delicti statute, contending that reversal is warranted because the state did not introduce evidence independent of his confession that reasonably tends to prove that he committed the charged offense. The state responds that it met its corpus delicti burden by presenting ample evidence that Mattson-McCarty assaulted the woman, independent of his confession, such that the district court correctly denied his motion for judgment of acquittal. We agree with the state.

6

"A motion for acquittal is 'procedurally equivalent to a motion for a directed verdict.'" *State v. McCormick*, 835 N.W.2d 498, 506 (Minn. App. 2013) (quoting *State v. Slaughter*, 691 N.W.2d 70, 74 (Minn. 2005)), *rev. denied* (Minn. Oct. 15, 2013). "A motion for a directed verdict presents the district court with a question of law." *Id.* (citing *M.W. Ettinger Transfer & Leasing Co. v. Schaper Mfg., Inc.*, 494 N.W.2d 29, 34 (Minn. 1992)). "We review questions of law de novo" and "[o]ur review . . . is not deferential." *Id.* "The test for granting a motion for acquittal is whether the evidence is sufficient to present a fact question for the jury's determination." *Allwine*, 994 N.W.2d at 537 (quotation omitted). "'[I]f the evidence is insufficient to sustain a conviction' on any of the charges, the district court should grant the motion for a judgment of acquittal as to those charges." *Id.* (quoting Minn. R. Crim. P. 26.03, subd. 18(1)(a)). "A district court may only deny the motion when the evidence is sufficient to present a factual question for the jury." *Id.* "In determining whether to grant the motion, the district court does not consider the weight and credibility of the evidence." *Id.* In an appeal from a district court's decision on a motion for judgment of acquittal, appellate courts "view all the evidence presented and draw any inferences in favor of the State." *Id.*

Appellate courts also review de novo a district court's application of the corpus delicti statute to the evidence in a particular case. *State v. Hill*, 23 N.W.3d 824, 829 (Minn. 2025); *see also State v. Holl*, 966 N.W.2d 803, 814 (Minn. 2021) (holding that appellate courts "review the application of Minn. Stat. § 634.03 to the facts of this case on a de novo basis"). The corpus delicti statute provides:

> A confession of the defendant shall not be sufficient to warrant conviction without evidence that the offense charged has been committed; nor can it be given in evidence against the defendant whether made in the course of judicial proceedings or to a private person, when made under the influence of fear produced by threats.

Minn. Stat. § 634.03.

"[T]he plain language of the corpus delicti statute is satisfied when there is independent evidence that reasonably tends to prove the defendant committed the charged offense." *Hill*, 23 N.W.3d at 833 (quotation omitted). "[T]he limited purpose of the corpus delicti statute" is "to avoid prosecutions for nonexistent crimes when the only evidence of the crime is a defendant's confession," and "the quantum of evidence necessary to achieve this limited purpose is not high." *Id.* "The State need not corroborate each individual element of the underlying offense, and circumstantial evidence can be sufficient to corroborate a defendant's confession." *Id.* at 836. Indeed, "the corpus delicti statute . . . imposes a lesser burden than the due process requirement for proof beyond a reasonable doubt." *Id.*

In order to prove Mattson-McCarty guilty of misdemeanor domestic assault, the state needed to show: (1) that Mattson-McCarty intentionally inflicted or attempted to inflict bodily harm upon the woman; and (2) that the woman was Mattson-McCarty's family or household member. *See* Minn. Stat. § 609.2242, subd. 1(2); *see also* Minn. Stat. § 609.02, subd. 10(2) (2022) (defining "assault" as including "the intentional infliction of or attempt to inflict bodily harm upon another").

Viewing the trial record in the light most favorable to the state, we conclude that the state presented sufficient evidence, independent of Mattson-McCarty's confession, to satisfy the corpus delicti statute. In the audio recording of the 911 call, the caller describes what "seem[ed] like . . . a domestic dispute in one of the cars next to [the caller]"—specifically, a black Ram truck. The caller also reports watching the parties involved in the dispute "scream at each other" and states that "the guy [kept] moving closer and having . . . big arm movements towards the other person in the car." The officer's testimony and body-worn-camera footage show that Mattson-McCarty was present at the scene of the reported incident and was walking away from a black Ram truck when the officer arrived. The officer observed and the video footage depicts a woman in the front passenger seat of the truck. The woman's initial statement to the officer—"I guess it's fine"—circumstantially suggests that an incident had occurred. And the woman provided the officer with her name and affirmed that the child she shared with Mattson-McCarty was safe at her residence.

We are satisfied that this evidence, which is independent of Mattson-McCarty's confession to slapping the woman, reasonably tends to prove that he committed the charged offense of misdemeanor domestic assault by violating subdivision 1(2) of section 609.2242. *See Hill*, 23 N.W.3d at 833. In its totality, the independent evidence establishes by the necessary quantum—which "is not high"—that this was not a prosecution for a nonexistent crime based only on Mattson-McCarty's confession. *See id.* Although the independent evidence may neither directly corroborate each individual element of misdemeanor domestic assault nor meet the due-process requirement for proof beyond a

9

reasonable doubt, the evidence need not meet those standards to satisfy the corpus delicti statute. *See id.* at 836. Because the independent evidence as a whole—both direct and circumstantial—sufficiently corroborates Mattson-McCarty's confession and reasonably tends to prove that he committed the charged offense, the district court correctly denied his motion for judgment of acquittal based on its determination that, under the corpus delicti statute, the trial evidence was sufficient to be presented to the jury. *See id.*; *see also Allwine*, 994 N.W.2d at 537.

## II. The district court acted within its discretion by declining to instruct the jury under the corpus delicti statute that a confession of the defendant shall not be sufficient to warrant conviction without evidence that the offense charged has been committed.

Mattson-McCarty alternatively maintains that the district court abused its discretion by declining to instruct the jury under the corpus delicti statute that a confession of the defendant shall not be sufficient to warrant conviction without evidence that the offense charged has been committed. He further asserts that this decision by the district court likely had a significant impact on the verdict. The state counters that the district court properly exercised its discretion by declining to provide the requested jury instruction. Here again, we agree with the state.

A district court has broad discretion in determining how to instruct a jury, and appellate courts will not reverse when the jury instructions "overall fairly and correctly state the applicable law." *State v. Larkin*, 994 N.W.2d 280, 289 (Minn. 2023) (quotation omitted). "A defendant is entitled to a specific instruction if the trial evidence supports the instruction and the substance of the proposed instruction is not already contained in

10

instructions chosen by the district court." *State v. Nelson*, 806 N.W.2d 558, 564 (Minn. App. 2011) (citing *State v. Gatson*, 801 N.W.2d 134, 147–48 (Minn. 2011); *State v. Yang*, 774 N.W.2d 539, 559 (Minn. 2009)), *rev. denied* (Minn. Feb. 14, 2012). "An error in jury instructions is not harmless and a new trial should be granted if it cannot be said beyond a reasonable doubt that the error had no significant impact on the verdict." *State v. Chauvin*, 989 N.W.2d 1, 28 (Minn. App. 2023) (quoting *State v. Kuhnau*, 622 N.W.2d 552, 558–59 (Minn. 2001)), *rev. denied* (Minn. July 18, 2023).

In contending that the district court abused its discretion in declining to give his requested instruction, Mattson-McCarty analogizes evidence of his confession to the testimony of an accomplice, which requires a corroboration instruction under Minnesota Statutes section 634.04 (2024). This argument is unavailing.[3]

The corpus delicti and accomplice-corroboration requirements are located in different statutes that serve distinct purposes. *Compare* Minn. Stat. § 634.03 (establishing when confessions are insufficient to warrant conviction and when they are inadmissible),

---

[3] We rejected a similar argument in *State v. Boyum*, No. A13-1901, 2014 WL 4494285, at *3 (Minn. App. 2014). Although *Boyum* is nonprecedential and therefore not binding, we conclude that the decision is persuasive authority and adopt its reasoning here. *See* Minn. R. Civ. App. P. 136.01(c) ("Nonprecedential opinions . . . are not binding authority except as law of the case, res judicata or collateral estoppel, but nonprecedential opinions may be cited as persuasive authority."). Mattson-McCarty characterizes *Boyum* as merely "mention[ing] that the jury instruction issue did not matter because there was clearly independent evidence of the charged crime separate from the defendant's confession." And Mattson-McCarty contends that *Boyum* is distinguishable because he claims that, here, "the state did *not* provide independent evidence tending to prove that the charged crime occurred." In light of our decision above that evidence independent of Mattson-McCarty's confession reasonably tends to prove that he committed the charged offense, we conclude that *Boyum* is analogous and persuasive authority that provides helpful guidance for our analysis herein.

*with* Minn. Stat. § 634.04 (precluding convictions based on uncorroborated accomplice testimony). The corpus delicti statute "discourages coercively acquired confessions," "requires that admissions and confessions from defendants are reliable," and "avoid[s] prosecutions for nonexistent crimes when the only evidence of the crime is a defendant's confession." *Hill*, 23 N.W.3d at 829, 833 (quotation omitted). By contrast, because an accomplice may provide false testimony that minimizes their own guilt, there is a "very real possibility that a jury might discredit all testimony except the accomplice testimony, and thus find the defendant guilty on the accomplice testimony alone." *State v. Cox*, 820 N.W.2d 540, 548 (Minn. 2012) (quotation omitted). Given that "the credibility of an accomplice is inherently untrustworthy," a mandatory instruction under the accomplice statute helps juries evaluate the credibility of such witnesses. *State v. Evans*, 756 N.W.2d 854, 877 (Minn. 2008).

Moreover, a determination of corroboration under the corpus delicti statute has traditionally fallen within the purview of the district court rather than the jury. *See* Minn. Stat. § 634.03 (outlining circumstances under which "[a] confession of the defendant . . . can[not] . . . be given in evidence against the defendant," i.e., when a confession is inadmissible); *In re C.M.A.*, 671 N.W.2d 597, 601 (Minn. App. 2003) (explaining that the corpus delicti statute "may also be used, in an appropriate case, by a trial judge when deciding whether there is sufficient evidence for a case to go to the jury"); *cf. Holl*, 966 N.W.2d at 814 (observing that "the jury was never presented with an instruction related to the corroboration requirement in section 634.03 and therefore did not consider whether the evidence was sufficient to satisfy the statute"); *State v. Turnipseed*,

12

297 N.W.2d 308, 312 (Minn. 1980) (observing that "courts have emphasized that tests for sufficiency of evidence to support a conviction should be distinguished conceptually from jury instructions, and that not every sufficiency of evidence test should be read to the jury").

Mattson-McCarty has cited no precedential Minnesota authority holding that a district court must provide an instruction similar to what he requested here after denying a motion for judgment of acquittal under the corpus delicti statute. Nor are we aware of any such precedent. Instead, analogous caselaw indicates that district courts act within their discretion in declining to provide such an instruction. In *State v. Weber*, the Minnesota Supreme Court held that a district court need not give a corroboration instruction when a defendant stipulated that a crime was committed. 137 N.W.2d 527, 530–31 (Minn. 1965). The defendant in *Weber* was charged with second-degree assault, stipulated that the victim had been assaulted and had suffered grievous bodily harm, but denied that he had inflicted the harm. *Id.* at 529–30. The supreme court concluded that no corroboration instruction was necessary based on the defendant's stipulation, reasoning that, "once a corpus delicti is established, [a] defendant can be convicted on [their] own admission." *Id.* at 531. Here, as we have explained, evidence independent of Mattson-McCarty's confession reasonably tends to prove that he committed the charged offense, likewise supporting the district court's decision not to provide the jury with a corroboration instruction under the corpus delicti statute.

We therefore hold that, under the corpus delicti statute, when a district court correctly denies a defendant's motion for judgment of acquittal based on its determination that the trial evidence is sufficient to be presented to the jury because evidence independent

13

of the defendant's confession reasonably tends to prove that the defendant committed the charged offense, the court acts within its discretion by declining to instruct the jury that a confession of the defendant shall not be sufficient to warrant conviction without evidence that the offense charged has been committed. Applying that holding to the matter before us, we conclude that, after correctly denying Mattson-McCarty's motion for judgment of acquittal based on its determination under the corpus delicti statute that the trial evidence was sufficient to go to the jury, the district court acted within its discretion by declining to provide the jury with Mattson-McCarty's requested instruction.[4]

## DECISION

The district court correctly denied Mattson-McCarty's motion for judgment of acquittal because evidence independent of his confession reasonably tends to prove that he committed the charged offense. Under the corpus delicti statute, when a district court correctly denies a defendant's motion for judgment of acquittal based on its determination that the trial evidence is sufficient to be presented to the jury because evidence independent of the defendant's confession reasonably tends to prove that the defendant committed the charged offense, the court acts within its discretion by declining to instruct the jury that a confession of the defendant shall not be sufficient to warrant conviction without evidence that the offense charged has been committed. Thus, the district court acted within its

---

[4] Because we conclude that the district court acted within its discretion in declining to provide Mattson-McCarty's requested jury instruction, we need not address the parties' harmless-error arguments. *Cf. Chauvin*, 989 N.W.2d at 28.

14

discretion in declining to provide Mattson-McCarty's requested corpus delicti instruction to the jury.

**Affirmed.**