STATE v. JAMES A. FLORINE.

226 N. W. 2d 609.

February 7, 1975—No. 44633.

██ 

David J. Twa, for appellant.

Warren Spannaus, Attorney General, Peter W. Sipkins, Solicitor General, Thomas J. Foley, Special Assistant Attorney General, and W. M. Gustafson, County Attorney, for respondent.

PER CURIAM.

Defendant, having been found guilty by the district court of unlawful possession of cocaine, Minn. St. 152.09, subd. 1(2), and acquitted of a charge of unlawful possession of marijuana, also § 152.09, subd. 1(2), appeals from an order denying his post-trial motions. The main issue raised by defendant is whether there was sufficient evidence to convict him of the cocaine charge. We believe that there was and accordingly affirm.

On November 22, 1972, Officer Donald Schmidt of the Nicollet County sheriff's office, acting lawfully, found the cocaine and marijuana in question in an unlocked abandoned vehicle parked crosswise on a township road in Nicollet County. Schmidt found the cocaine in a small packet on top of an open notebook on the back seat. At this time, Officer Schmidt impounded the car and had it towed to the sheriff's office. After securing a search warrant, Officer Schmidt found the marijuana in a wooden crate containing clothing and $235 in cash. On the floor of the front

seat Schmidt found a bill from Northern States Power Company addressed to defendant, a receipt from a bank money order naming defendant as the remitter, and a Christmas seal letter addressed to defendant. On the front seat Schmidt found a billfold containing $17 and defendant's driver's license. The notebook on which Schmidt found the cocaine packet contained a biology quiz that bore defendant's name. Both the notebook and the quiz apparently were in the same handwriting as a note on a slip of paper found in defendant's billfold. Defendant did not own the vehicle in question, but the owner had left it with defendant and friends of defendant in the hope that defendant or his friends would be able to sell it for him.

■ In analyzing defendant's contention that this evidence was insufficient to justify a finding of guilt on the cocaine possession charge, we start with the basic proposition that, in order to convict a defendant of unlawful possession of a controlled substance, the state must prove that defendant consciously possessed, either physically or constructively, the substance and that defendant had actual knowledge of the nature of the substance. LaFave & Scott, Criminal Law, § 25, p. 182.

In this case the question of whether there was sufficient evidence of guilt centers on the first part of the state's proof—i. e., whether there was proof of conscious possession of the substance—because if defendant consciously possessed the substance, either constructively or physically, then the judge could easily infer from that and from the nature of the substance that defendant had knowledge of the substance's nature. Clearly, there was no evidence of actual or physical possession by defendant when arrested, so what we are concerned with is whether there was sufficient evidence that defendant, although not in actual possession of the substance at the time of arrest, nonetheless constructively possessed it.

The purpose of the constructive-possession doctrine is to include within the possession statute those cases where the state cannot prove actual or physical possession at the time of arrest

but where the inference is strong that the defendant at one time physically possessed the substance and did not abandon his possessory interest in the substance but rather continued to exercise dominion and control over it up to the time of the arrest. Whitebread and Stevens, *Constructive Possession in Narcotics Cases: To Have and Have Not,* 58 Va. L. Rev. 751, 755. Having in mind the purpose of the constructive-possession doctrine, we believe that in order to prove constructive possession the state should have to show (a) that the police found the substance in a place under defendant's exclusive control to which other people did not normally have access, or (b) that, if police found it in a place to which others had access, there is a strong probability (inferable from other evidence) that defendant was at the time consciously exercising dominion and control over it. See, State v. Wiley, 295 Minn. 411, 205 N. W. 2d 667 (1973); State v. LaBarre, 292 Minn. 228, 195 N. W. 2d 435 (1972); State v. Resnick, 287 Minn. 168, 177 N. W. 2d 418 (1970).

Following this approach, we have concluded that there was sufficient evidence of constructive possession to justify a conviction on the charge of possession of cocaine. Because defendant did not have exclusive possession of the automobile, one could not automatically infer from the mere fact that cocaine was found in the automobile that the cocaine belonged to defendant. So the question becomes whether there was other evidence which was strong enough to support an inference that defendant at one time had physical possession of the cocaine and that at the time police found it, defendant, although then not in physical possession of it, continued to consciously exercise dominion and control over it. We believe that there was such other evidence.

■ In addition to contending that there was insufficient evidence, defendant makes a number of other arguments, one being that the trial court, as factfinder, had no right to examine the documents found in the vehicle and to compare the handwriting

▮▮▮▮▮▮▮▮▮▮

on them absent expert testimony, and another being that the trial court's findings were so inconsistent as to justify a new trial. There is no merit to these contentions.

Affirmed.