**STATE of Minnesota, Respondent,**

v.

**James Michael CUSICK, Appellant.**

**No. CX–84–2153.**

Court of Appeals of Minnesota.

Aug. 13, 1985.

Review Granted Oct. 18, 1985.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

Charles L. Hawkins, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Defendant, convicted by a jury of unlawful possession of cocaine in violation of Minn.Stat. §§ 152.09, subd. 1(2); 152.02, subd. 3(1)(d); and 152.15, subd. 1(1) (1984), appeals from the judgment and from an order denying his post-trial motions. He contends the evidence was insufficient to establish knowing possession of cocaine. We reverse.

## FACTS

On April 15, 1984, at about 11:00 p.m. appellant James Cusick was involved in a one-car accident at the junction of Highways 35E and 694 in Vadnais Heights. The car he was driving went off the right side of a ramp, rolled, and came to rest on the driver's side. Various items fell from the car as it rolled and were scattered over the area of the accident.

Minnesota State Highway Patrol trooper Steven Pott arrived shortly after the accident. Cusick identified himself to Officer Pott as the driver and claimed he had lost control because of a steering problem. Officer Pott concluded from tire tracks that the car had driven straight off the ramp into the ditch and rolled as Cusick attempted to steer back onto the ramp up a steep hill. Cusick told the officer that he had been alone in the car and that it was owned by Jodie Crawford. The officer testified that Cusick appeared lethargic, unsteady on his feet, his pupils were dilated, and he fell asleep numerous times.

When asked for his driver's license Cusick said that it was in the car. Officer Pott, with the help of others who had arrived on the scene, righted the car and found Cusick's wallet on the ground where the driver's window had been. Near it "among other things" was a small, brown vinyl case containing a glass bottle, a gold-colored tool with a spoon at one end and a knife at the other, folded paper containing a razor blade, and a white powdery substance, later determined to be 0.8 grams of cocaine. Cusick immediately denied knowledge and ownership of the case and its contents.

The back seat of the car had been nearly full of clothing, papers, and other items, many of which had come out of the car and were scattered in a 25-foot area, mostly to the rear of the car. Officer Pott testified that he could not say for certain which items had been in the car before the accident or where in the car any item had been.

Jodie Crawford, the owner of the automobile, testified that she is chemically dependent on cocaine and speed. She said she lent the car to Cusick shortly before the accident and that the cocaine and case, as well as all the other items in the car, were hers. The State provided no evidence that any property of Cusick's was in the car, other than his wallet. At the time of his arrest Cusick and Crawford had known

each other for only two or three weeks, and they began living together some time later. Expert testimony at trial indicated that Cusick's symptoms of lethargy at the scene of the accident are inconsistent with cocaine use.

Cusick was convicted by a jury of unlawful possession of cocaine. He claims on appeal that the evidence was insufficient to prove he knowingly possessed the cocaine found in the brown vinyl case.

### ISSUE

Is the evidence of Cusick's knowing possession of cocaine sufficient to sustain the conviction?

### ANALYSIS

To convict a defendant of unlawful possession of a controlled substance, the State must prove the defendant "consciously possessed, either physically or constructively, the substance and that defendant had actual knowledge of the nature of the substance." *State v. Florine*, 303 Minn. 103, 104, 226 N.W.2d 609, 610 (1975) (citing LaFave & Scott, Criminal Law § 25, at 182). As in *State v. Florine*, the element of conscious possession is at issue because Cusick did not physically possess the cocaine when he was arrested. Therefore, we must examine whether the evidence is sufficient to show constructive possession. *See id.*

■ The purpose of the constructive possession doctrine is

to include within the possession statute those cases where the state cannot prove actual or physical possession at the time of arrest but where the inference is strong that the defendant at one time physically possessed the substance and did not abandon his possessory interest in the substance but rather continued to exercise dominion and control over it up to the time of the arrest.

*Id.* at 104–05, 226 N.W.2d at 610. To show constructive possession the State must prove (1) that the police found the substance in a place under the defendant's exclusive control to which other people did not normally have access, or (2) that, if found in a place to which others had access, "there is a strong probability (inferable from other evidence) that defendant was at the time consciously exercising dominion and control over it." *Id.* at 105, 226 N.W.2d at 611.

■ Cusick did not have exclusive control over the automobile. He borrowed it shortly before the accident, and undisputed evidence shows it was owned by Jodie Crawford and was full of her papers, clothing, and other personal property. Therefore the question becomes whether there was other evidence strong enough to support an inference that Cusick at the time consciously exercised dominion and control over the cocaine seized. *See, e.g., State v. Wiley*, 366 N.W.2d 265, 270 (Minn.1985).

The State and the dissent rely on the proximity of the brown vinyl case and Cusick's wallet on the ground outside the car for the inference that both the case and the wallet fell out of the driver's window, and the further inference that both had been on the front seat, to prove Cusick's conscious exercise of dominion and control. Officer Pott expressly testified that the brown vinyl case was "among other things" near Cusick's wallet. None of the other items were identified as being Cusick's. Although he appeared to be under the influence of something at the scene of the accident, his physical symptoms were inconsistent with cocaine use.

Furthermore, Crawford testified at trial that the brown vinyl case and the cocaine belonged to her and that Cusick had no reason to know those items were in the car. The State argues that her testimony was implausible and properly disbelieved by the jury because she was not impartial and because she was uncertain whether she would testify until the moment she took the stand. We find Crawford's hesitation to testify against penal interest understandable, but we agree that the jury could have disbelieved her testimony as to the ownership of the cocaine.

Even disregarding Crawford's claim that the cocaine was hers, the evidence shows that she was chemically dependent on the drug, which she used by injection. She owned the car, and it was full of her personal property. The only property identified as Cusick's was his wallet. We cannot infer from the mere proximity of the wallet and the cocaine on the ground the "strong probability" of conscious dominion and control required for constructive possession. *See State v. Florine*, 303 Minn. 103, 226 N.W.2d 609, 611 (1975).

In addition, when circumstantial evidence is the sole basis of a conviction, it can be sustained only when the reasonable inferences from the evidence are consistent only with the defendant's guilt and inconsistent with any rational hypothesis except that of guilt. *E.g. State v. Threinen*, 328 N.W.2d 154, 156 (Minn.1983). The circumstantial evidence presented was reasonably consistent with the hypothesis that Cusick merely borrowed the car in which Crawford had left the cocaine.

## DECISION

We find the evidence insufficient to establish Cusick's knowing possession of cocaine, and we accordingly reverse.

Reversed.

POPOVICH, Chief Judge, dissenting.

I respectfully dissent because I believe the evidence was sufficient to sustain appellant's conviction. The brown vinyl case was found on the ground directly under the place where the driver's window had been, a few inches from appellant's wallet. The clothing and other items scattered from the backseat of the car were not in the immediate area of appellant's wallet and the vinyl case. A jury could reasonably infer that the case was in the front seat and that appellant constructively possessed the case containing cocaine. *See State v. Wiley*, 366 N.W.2d 265, 270 (Minn.1985).

Until trial, Crawford never told anyone the cocaine was hers. This exculpating statement could reasonably have been disbelieved by the jury. *See State v. John-*

*son*, 359 N.W.2d 698, 701 (Minn.Ct.App. 1984). The jury could also have believed appellant constructively possessed the cocaine jointly with Crawford. *See State v. Labarre*, 292 Minn. 228, 195 N.W.2d 435 (1972).

This court must review the evidence in the light most favorable to the jury's verdict. The jury's finding here was not manifestly contrary to the evidence or established principles of law. Appellant's conviction should be affirmed.