*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2404**

State of Minnesota,
Respondent,

vs.

Larry Charles Norton,
Appellant

**Filed October 27, 2014
Affirmed
Worke, Judge**

Stearns County District Court
File No. 73-CR-12-5266

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, Minnesota; and

Janelle Kendall, Stearns County Attorney, St. Cloud, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Worke, Judge; and Smith, Judge.

## UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges his conviction of fifth-degree controlled-substance crime, arguing that the prosecutor plainly erred in closing argument by misrepresenting the constructive-possession doctrine and misstating evidence. We affirm.

# FACTS

Officers found methamphetamine while searching appellant Larry Charles Norton's residence, and he was charged with fifth-degree controlled-substance crime (possession) and possession of drug paraphernalia.

At Norton's jury trial, Deputy Nathan Stewart testified that officers found a green pipe with methamphetamine in it and baggies with methamphetamine residue in them on a computer desk, and another baggie with methamphetamine in it in the laundry room. Stewart testified that none of the evidence was analyzed for fingerprints or DNA because testing is costly and time consuming and the chance of finding DNA is "slim to none." On cross-examination, Stewart agreed that when evidence is found on a person it is not DNA tested because possession is established.

Norton's recorded statement from the date of the search was played for the jury. Norton admitted to being a decades-long methamphetamine user and that he had used approximately three hours before the officers arrived. Norton admitted to smoking the methamphetamine that was in the baggies out of the green pipe, both of which were found on the computer desk. Norton stated that the methamphetamine found in the laundry room might have been in his pocket because officers searched him in that area of his residence. When asked if the other individuals in the residence had methamphetamine, Norton replied: "They didn't have sh-t."

In closing argument, the prosecutor stated:

> This case is about constructive possession. The [district court] is going to read an instruction that articulates that. It is different than ownership. Possession can be shared. It can be joint. It does not have to be exclusive.

2

> So even if you believe that they were all together over there getting high and did smoke out of those two bags of methamphetamine, as long as you believe [Norton] was in on that, he still is guilty. It is still constructive possession.

Defense counsel countered that the drugs were found in a common area accessible by the other individuals in the house and that one of the individuals had motive to discard the drugs because he was on probation. Defense counsel also argued that the police could have done forensic testing, but had their sights set on Norton. In rebuttal, the prosecutor implied that police had no reason to test the evidence because Deputy Stewart testified that "'When somebody admits to possessing it, we don't test it for DNA.'" Because Norton told the officers that "nobody else had anything," the officers "knew whose it was, because [Norton] admitted to it."

The jury found Norton guilty of the charged offenses. This appeal followed.

## DECISION

Norton raises two challenges to the prosecutor's closing argument. He failed to object to either alleged error. "On appeal, an unobjected-to error can be reviewed only if it constitutes plain error affecting substantial rights." *State v. Ramey*, 721 N.W.2d 294, 297 (Minn. 2006). This standard requires (1) error, (2) that is plain, and (3) that affects substantial rights. *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). "An error is plain if it was clear or obvious." *State v. Strommen*, 648 N.W.2d 681, 688 (Minn. 2002) (quotations omitted). A prosecutor commits misconduct when he or she "violates clear or established standards of conduct, e.g., rules, laws, orders by a district court, or clear commands in this state's case law." *State v. McCray*, 753 N.W.2d 746, 751 (Minn. 2008) (quotation omitted). If an appellant demonstrates plain error in a prosecutorial-

3

misconduct case, the burden shifts to the state to prove lack of prejudice. *Ramey*, 721 N.W.2d at 302. This requires the state to "show that there is no reasonable likelihood that the absence of the misconduct in question would have had a significant effect on the verdict of the jury." *Id.* (quotation omitted).

### *Constructive possession*

Norton first argues that the prosecutor misrepresented the constructive-possession doctrine by suggesting that Norton's prior use of the methamphetamine was sufficient to prove him guilty of the possession offense. Misstatements of law constitute prosecutorial error. *See State v. Jolley*, 508 N.W.2d 770, 773 (Minn. 1993) (stating that when a prosecutor misstates the law, the defense may object and request a curative instruction).

> The purpose of the constructive-possession doctrine is to include within the possession statute those cases [in which] the state cannot prove actual or physical possession at the time of arrest but where the inference is strong that the defendant at one time physically possessed the substance and did not abandon his possessory interest . . . up to the time of the arrest.

*State v. Florine*, 303 Minn. 103, 104-05, 226 N.W.2d 609, 610 (1975). Constructive possession requires (1) that the contraband be found in a place under the defendant's exclusive control or (2) "a strong probability, inferable from the evidence, that the defendant was, at the time, consciously exercising dominion and control over [the contraband]." *State v. Lee*, 683 N.W.2d 309, 316-17 n.7 (Minn. 2004). The latter requires that the defendant "had knowledge of, and exercised dominion and control over, the [contraband]." *See Maryland v. Pringle*, 540 U.S. 366, 372, 124 S. Ct. 795, 800

4

(2003). "A person may constructively possess contraband jointly with another person." *State v. Ortega*, 770 N.W.2d 145, 150 (Minn. 2009).

Here, the state sought to establish that there was "a strong probability, inferable from the evidence, that [Norton] was, at the time, consciously exercising dominion and control over [the contraband]." *Lee*, 683 N.W.2d at 317 n.7. The prosecutor stated that the case was about constructive possession, which can be shared. The prosecutor argued to the jury: "[I]f you believe that they were all together over there getting high and did smoke out of those two bags of methamphetamine, as long as you believe [Norton] was in on that, he still is guilty [of constructive possession]."

Norton argues that his *earlier* use of methamphetamine fails to demonstrate his dominion and control over methamphetamine *at the time* the police found it. *See id.* (stating that constructive possession exists when the defendant was, "at the time," exercising dominion and control). But Norton's argument is not an accurate interpretation of the prosecutor's statement.

The prosecutor's explanation of constructive possession had nothing to do with the timing of Norton's methamphetamine use and everything to do with emphasizing the shared or joint nature of constructive possession. Further, the prosecutor's explanation of constructive possession was similar to the district court's jury instruction: "Possession may be . . . exclusive or joint. Possession may be shared. [Norton] possessed methamphetamine if it was in a place under [his] exclusive or shared control to which other people did not normally have access or if [he] knowingly exercised dominion and control over it." Norton fails to establish plain error.

5

*Misstatement of evidence*

Norton also argues that the prosecutor plainly erred by attributing a statement to a witness that the witness never made. It is misconduct when a prosecutor intentionally misstates evidence. *State v. Mayhorn*, 720 N.W.2d 776, 788 (Minn. 2006). A prosecutor is not entitled to make arguments that have no factual basis in the record evidence. *See State v. Thompson*, 578 N.W.2d 734, 742 (Minn. 1998) (concluding that remarks that contained pure speculation without factual basis were improper).

In closing argument, defense counsel stated that officers should have done forensic testing on the evidence. In rebuttal, the prosecutor argued that testing was unnecessary because "[Deputy] Stewart said . . . . 'When somebody admits to possessing it, we don't test it for DNA.'" The prosecutor then stated that the officers "knew whose it was, because [Norton] admitted to it." Norton argues that Stewart "made no such statement" and that there was no testimony to suggest that testing was not done because Norton admitted to possessing the evidence. We agree.

Stewart testified that the evidence was not tested because testing is costly and time consuming and the chance of finding DNA is "slim to none." On cross-examination, Stewart agreed that when evidence is found on a person it is not DNA tested because possession is established, but that was a general, conjectural statement. Stewart did not state that in this case the items were not tested because of Norton's admission.

But while Norton has established plain error, the state has met its burden of showing lack of prejudice, because there is no reasonable likelihood that the jury's verdict would have been different had the prosecutor not made this statement. *See*

6

*Ramey*, 721 N.W.2d at 302 (stating that the state must "show that there is no reasonable likelihood that the absence of the misconduct in question would have had a significant effect on the verdict of the jury" (quotations omitted)).

The evidence supports the jury's verdict that Norton possessed methamphetamine. Norton admitted that he smoked methamphetamine out of the green pipe from the baggies the officers found by the computer. Norton stated that the methamphetamine found in the laundry room might have been in his pocket because the officers searched him in that area of his residence. Norton stated that the methamphetamine found did not belong to the other individuals present in his home. Thus, there is not a reasonable likelihood that the prosecutor's misstatement regarding the reason for lack of forensic testing had a significant effect on the verdict.

**Affirmed.**