*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0365**

State of Minnesota,
Respondent,

vs.

Michael Allen Truelove,
Appellant.

**Filed January 26, 2015
Affirmed in part, vacated in part, and remanded
Schellhas, Judge**

Brown County District Court
File No. 08-CR-13-153

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Robert D. Hinnenthal, Brown County Attorney, Paul J. Gunderson, Assistant County Attorney, New Ulm, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Ross, Judge; and Smith, Judge.

UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellant challenges his conviction of second-degree controlled-substance crime on the basis that it is not supported by sufficient evidence. He challenges his conviction and sentence for fifth-degree controlled-substance crime because it is a lesser-included offense of second-degree controlled-substance crime. We affirm appellant's conviction of second-degree controlled-substance crime, vacate his conviction and sentence for fifth-degree controlled-substance crime, and remand for correction of the judgment of conviction.

## FACTS

After stopping a vehicle with a cracked windshield, a New Ulm police officer determined that the vehicle's driver, W.P., was under the influence of some substance and arrested the driver for driving while impaired (DWI). The officer observed that the vehicle's front-seat passenger, appellant Michael Allen Truelove, was fidgeting, flailing his arms, rocking back and forth, and unable to speak coherently. Upon exiting the vehicle, Truelove also had difficulty maintaining his balance. The officer determined that Truelove also was under the influence of some substance and transported Truelove to a detoxification facility for his safety. After the traffic stop, police released another occupant of the vehicle, a backseat passenger, G.B. Police searched the vehicle and discovered that the center console contained an open envelope addressed to Truelove that contained a baggie of 4.3 grams of methamphetamine. Police also found a small digital scale and a hose containing a burnt substance in the vehicle. The vehicle was registered to

a female who was not an occupant at the time of the traffic stop. During a routine search of Truelove at the detoxification facility, intake staff discovered a baggie containing 1.9 grams of methamphetamine in one of Truelove's pockets.

Respondent State of Minnesota charged Truelove with second-degree controlled-substance crime under Minn. Stat. § 152.022, subd. 2(a)(1) (2012), for possession of six or more grams of methamphetamine, and fifth-degree controlled-substance crime under Minn. Stat. § 152.025, subd. 2(a) (2012), for possession of methamphetamine. During a jury trial, W.P. testified that Truelove picked her up in the vehicle that police later stopped and that W.P. believed belonged to Truelove's girlfriend. W.P. purchased methamphetamine from Truelove but did not know the weight of the drug she purchased; she did not have a scale with her. W.P. knew that Truelove had additional methamphetamine with him, but she did not know how much or where he kept it. After W.P., Truelove, and G.B. used methamphetamine, W.P. took over driving because Truelove caused the vehicle to swerve on the road. Police discovered baggies containing methamphetamine in W.P.'s sock after her arrest, and the state charged her with DWI and fifth-degree controlled-substance crime. W.P. testified at Truelove's trial as part of a plea agreement with the state. She testified that the only methamphetamine that she possessed was that found in her sock and that any methamphetamine found in the vehicle did not belong to her. G.B. testified that he did not have methamphetamine in his possession when police stopped the vehicle and that any methamphetamine found in the vehicle did not belong to him.

A New Ulm police sergeant testified that he compared the baggie found in Truelove's pocket with the baggie found inside the envelope in the vehicle and that the two were "similar" and could have come from the same box of baggies. The sergeant further testified that digital scales like the one found in the vehicle are "commonly used by those involved in the drug trade." The jury found Truelove guilty of second- and fifth-degree controlled-substance crime, and the district court convicted Truelove of both offenses and imposed concurrent sentences of 98 and 21 months' imprisonment. This appeal follows.

**D E C I S I O N**

*Sufficiency of evidence for second-degree controlled-substance conviction*

Truelove argues that the evidence was insufficient for the jury to find that he possessed the methamphetamine discovered in the vehicle. Appellate review of a challenge to the sufficiency of the evidence involves "a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did." *State v. Ortega*, 813 N.W.2d 86, 100 (Minn. 2012) (quotation omitted). The verdict will not be disturbed "if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense." *Id.* The reviewing court must assume that the jury believed the state's witnesses and disbelieved any evidence to the contrary, as the weight and credibility to be given to witness testimony is for the jury to determine. *State v. Huss*, 506 N.W.2d 290, 292 (Minn. 1993).

4

*Corroboration of accomplice testimony*

Truelove contends that the jury found him guilty of second-degree controlled-substance crime based on uncorroborated accomplice testimony.

> A conviction cannot be had upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

Minn. Stat. § 634.04 (2012). The corroborating evidence must tend to affirm the truth of the accomplice's testimony and point to the defendant's guilt to "some substantial degree," and "evidence is sufficient to corroborate an accomplice's testimony when it is weighty enough to restore confidence in the truth of the accomplice's testimony." *State v. Clark*, 755 N.W.2d 241, 253–54 (Minn. 2008) (quotations omitted) (noting that corroborating evidence need not establish a prima facie case of guilt). The corroborating evidence may be direct or circumstantial. *State v. Johnson*, 616 N.W.2d 720, 727 (Minn. 2000). But accomplice testimony may not be corroborated solely by the testimony of another accomplice. *State v. Pederson*, 614 N.W.2d 724, 733 (Minn. 2000). "[Section 634.04] contemplates that the issue of whether an accomplice's testimony has been sufficiently corroborated is a question of fact to be determined by the jury." *Clark*, 755 N.W.2d at 251.

A jury instruction about the need for corroboration of accomplice testimony "must be given in any criminal case in which any witness against the defendant might reasonably be considered an accomplice to the crime." *State v. Lee*, 683 N.W.2d 309, 316

5

(Minn. 2004) (quotation omitted). "Generally, the test for whether a particular witness is an accomplice is whether the witness could have been indicted and convicted for the crime with which the defendant is charged." *State v. Scruggs*, 822 N.W.2d 631, 640 (Minn. 2012) (quotations omitted). The district court may determine as a matter of law whether a witness is an accomplice if the facts are undisputed and only one inference can be drawn. *Holt v. State*, 772 N.W.2d 470, 483–84 (Minn. 2009). "But if the question is disputed or subject to differing interpretations, the issue of whether a particular person is an accomplice is a fact question for the jury to resolve." *Scruggs*, 822 N.W.2d at 640.

Here, the district court instructed the jury about the need for corroboration of accomplice testimony and told the jury that W.P. and G.B. "are persons who could be charged with the same crime as [Truelove]. You cannot find [Truelove] guilty of a crime on the testimony of these accomplices unless that testimony is corroborated." On appeal, the state questions whether this language was proper and whether G.B. could be considered an accomplice to possession of methamphetamine. Even if we assume that both W.P. and G.B. were accomplices to possession of methamphetamine and that the jury instructions were correct, sufficient evidence corroborates the testimony of W.P. and G.B. The envelope containing methamphetamine found in the vehicle was addressed to Truelove, indicating that he possessed the envelope and its contents. *Cf. State v. Wiley*, 366 N.W.2d 265, 270 (Minn. 1985) (determining that evidence was sufficient to establish appellant's constructive possession of marijuana found in bedroom containing mail addressed to appellant and inside boxes with appellant's name on them). The vehicle also contained a small digital scale, evidencing drug-trade participation and supporting W.P.'s

6

testimony that Truelove sold her methamphetamine while in the vehicle and that he had additional methamphetamine with him. This corroborating evidence tends to affirm the truth of the accomplice testimony and point to Truelove's guilt to a "substantial degree." *See Clark*, 755 N.W.2d at 253 (quotation omitted).

*Sufficiency of circumstantial evidence*

Truelove argues that the circumstantial evidence presented at trial was insufficient for the jury to find that he possessed the methamphetamine discovered in the vehicle. Although circumstantial evidence is given the same weight as direct evidence, a conviction based on circumstantial evidence warrants "a higher level of scrutiny." *Bernhardt v. State*, 684 N.W.2d 465, 477 (Minn. 2004). The sufficiency of circumstantial evidence is reviewed by using a two-step analysis. *State v. Silvernail*, 831 N.W.2d 594, 598 (Minn. 2013). First, the reviewing court must identify the circumstances proved by the evidence, "consider[ing] only those circumstances that are consistent with the verdict." *Id.* at 598–99 (stating that the jury is in the best position to evaluate the credibility of circumstantial evidence and that "we defer to the jury's acceptance of the proof of these circumstances and rejection of evidence in the record that conflict[s] with the circumstances proved" (quotation omitted)). Second, the reviewing court must "determine whether the circumstances proved are consistent with guilt and inconsistent with any rational hypothesis except that of guilt." *Id.* at 599 (quotation omitted) (stating that the reasonableness of all inferences is examined independently, with no deference given to the jury's choice between reasonable inferences). "Circumstantial evidence must form a complete chain that, in view of the evidence as a whole, leads so directly to the

guilt of the defendant as to exclude beyond a reasonable doubt any reasonable inference other than guilt." *State v. Pratt*, 813 N.W.2d 868, 874 (Minn. 2012) (quotations omitted). "A jury is in the best position to evaluate circumstantial evidence, and its verdict is entitled to due deference." *State v. Fairbanks*, 842 N.W.2d 297, 307 (Minn. 2014).

For a defendant to be found guilty of possession of a controlled substance, the state must prove that the defendant possessed the substance either physically or constructively. *State v. Florine*, 303 Minn. 103, 104, 226 N.W.2d 609, 610 (1975). Constructive possession is shown when (a) the police found the substance in a place under the defendant's exclusive control to which other people did not normally have access, or (b) if the police found the substance in a place to which others had access there is a strong probability, inferable from the evidence, that the defendant was at the time consciously exercising dominion and control over the substance. *Id.* at 104–05, 226 N.W.2d at 610–11 (stating that the constructive-possession doctrine permits conviction "where the inference is strong that the defendant at one time physically possessed the substance and did not abandon his possessory interest in the substance but rather continued to exercise dominion and control over it up to the time of the arrest").

Considering the evidence consistent with the jury's verdict, the circumstances proved at trial include that Truelove was driving a vehicle that was not registered to any of its occupants but that W.P. believed belonged to Truelove's girlfriend. W.P. purchased methamphetamine from Truelove while in the vehicle, and she knew that he had more of the drug with him. The three occupants of the vehicle used methamphetamine, and W.P. took over driving the vehicle when Truelove's driving became erratic. When police

8

searched the vehicle, its center console contained an envelope addressed to Truelove that contained a baggie of 4.3 grams of methamphetamine. Also discovered in the vehicle were a small digital scale and a hose containing a burnt substance. W.P. and Truelove had baggies of methamphetamine on their persons, and the baggie containing 1.9 grams of methamphetamine in Truelove's pocket was similar to the baggie in the envelope. The methamphetamine found in the vehicle did not belong to W.P. or G.B. Given these circumstances proved, the only reasonable inference is that Truelove constructively possessed the methamphetamine in the vehicle while he drove and that he did not abandon his possessory interest when W.P. took over driving. *See* Minn. Stat. § 152.028, subd. 2 (2012) ("The presence of a controlled substance in a passenger automobile permits the fact finder to infer knowing possession of the controlled substance by the driver or person in control of the automobile when the controlled substance was in the automobile.").

Truelove argues that another reasonable inference is that W.P. possessed the methamphetamine and hid it in an envelope she found in the vehicle when the officer initiated the traffic stop. Truelove essentially asks this court to evaluate the credibility of W.P.'s testimony that the methamphetamine found in the vehicle did not belong to her and that the only methamphetamine she possessed was that found in her sock. But the credibility to be given to W.P.'s testimony was for the jury to determine, and this court must assume that the jury believed her testimony. *See Huss*, 506 N.W.2d at 292; *see also State v. Porte*, 832 N.W.2d 303, 308–09 (Minn. App. 2013) (rejecting argument that cocaine found in van driven by defendant could have belonged to van's owner or

9

passenger, when owner and passenger testified at jury trial and denied possession of cocaine). The circumstantial evidence presented at trial was sufficient for the jury to find that Truelove possessed the methamphetamine discovered in the vehicle and that he is guilty of second-degree controlled-substance crime.

*Convictions of second- and fifth-degree controlled-substance crime*

The district court convicted Truelove of second- and fifth-degree controlled-substance crime and imposed sentences for both offenses. On appeal, the state agrees with Truelove that this was error because fifth-degree possession of a controlled substance is a lesser-included offense of second-degree possession of a controlled substance. A defendant may not be convicted of both a crime and an included offense, and "included offense" means, among other things, "[a] lesser degree of the same crime." Minn. Stat. § 609.04, subd. 1 (2012). The court convicted Truelove of fifth-degree controlled-substance crime under Minn. Stat. § 152.025, subd. 2(a), for possession of methamphetamine. This offense is a lesser degree of second-degree controlled-substance crime under Minn. Stat. § 152.022, subd. 2(a)(1), for possession of six or more grams of methamphetamine, of which the court also convicted Truelove.

Because the district court erred by convicting Truelove of both second- and fifth-degree controlled-substance crime, we vacate the conviction and sentence for fifth-degree controlled-substance crime while leaving the jury's guilty verdict for that offense in force, and we remand the case to the district court for correction of the judgment of conviction. *See State v. Barrientos-Quintana*, 787 N.W.2d 603, 614 (Minn. 2010) (vacating convictions and sentences and remanding for correction of official judgment of

conviction where defendant was improperly convicted of alternative charges arising from single criminal act).

**Affirmed in part, vacated in part, and remanded.**