*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1398**

State of Minnesota,
Respondent,

vs.

Pierre Corey Stewart,
Appellant.

**Filed August 10, 2015
Affirmed
Toussaint, Judge\***

Hennepin County District Court
File No. 27-CR-12-19924

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Elizabeth R. Johnston, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Reilly, Presiding Judge; Hooten, Judge; and Toussaint, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**TOUSSAINT**, Judge

On appeal from his conviction of third-degree controlled-substance crime—sale, appellant Pierre Corey Stewart argues that the evidence is insufficient to prove that he intended to sell crack cocaine and that the district court abused its discretion when responding to a jury question. Because sufficient evidence supports appellant's conviction and because the district court did not abuse its discretion when instructing the jury, we affirm.

## DECISION

## I.

Appellant was convicted of "unlawfully sell[ing] one or more mixtures containing a narcotic drug." Minn. Stat. § 152.023, subd. 1(1) (2010). "Sell" means "(1) to sell, give away, barter, deliver, exchange, distribute or dispose of to another, or to manufacture; or . . . (3) to possess with intent to perform an act listed in clause (1)." Minn. Stat. § 152.01, subd. 15a (2010). Appellant argues that the evidence is insufficient to prove that he intended to sell the 2.5 grams of crack cocaine found in the SUV in which appellant was a passenger.

Intent to sell controlled substances "typically is proved with circumstantial evidence." *State v. Porte*, 832 N.W.2d 303, 309 (Minn. App. 2013). Appellate courts give heightened scrutiny to convictions based on circumstantial evidence. *State v. Al-Naseer*, 788 N.W.2d 469, 473 (Minn. 2010). When reviewing the sufficiency of circumstantial evidence, we first identify the circumstances proved, giving deference to

the fact-finder and construing the evidence in the light most favorable to the verdict. *State v. Silvernail*, 831 N.W.2d 594, 598-99 (Minn. 2013). Under this first step, we assume that the fact-finder rejected appellant's version of events. *Al-Naseer*, 788 N.W.2d at 473. Second, we determine whether the "circumstances proved are consistent with guilt and inconsistent with any rational hypothesis except that of guilt," without giving "deference to the fact finder's choice between reasonable inferences." *Silvernail*, 831 N.W.2d at 599 (quotation omitted).

Taken in the light most favorable to the verdict, the evidence establishes the following circumstances: a "frantic" woman was attempting to flag down cars; the woman's behavior signified to narcotics-trained police officers that she could be looking for a drug dealer; the woman successfully flagged down the SUV; appellant reached into the ceiling of the SUV, handed something to the woman, and the woman handed something back to appellant; the same exchange occurred with another person; the ceiling is a common hiding spot for controlled substances; appellant possessed 2.5 grams of crack cocaine; and typical users buy .2 gram "rocks" of crack cocaine.

Having established the circumstances proved, we next determine whether the circumstances proved are consistent with guilt and inconsistent with any rational alternative hypothesis. A defendant's intent to sell is often proved by circumstantial evidence of a large quantity of drugs, cash, packaging, and other indicia of sales. *See, e.g.*, *Porte*, 832 N.W.2d at 309; *State v. Hanson*, 800 N.W.2d 618, 623 (Minn. 2011); *State v. Lozar*, 458 N.W.2d 434, 437 (Minn. App. 1990), *review denied* (Minn. Sept. 28, 1990); *State v. Collard*, 414 N.W.2d 733, 735 (Minn. App. 1987), *review denied* (Minn.

3

Jan. 15, 1988). Here, there is no evidence of cash or packaging, and appellant argues that 2.5 grams of crack cocaine is too small a quantity to prove intent to sell. Appellant asserts that this lack of evidence is inconsistent with guilt and consistent with his rational hypothesis that he purchased the crack cocaine for personal use.

But we conclude that appellant's hypothesis that he possessed the 2.5 grams of crack cocaine for personal use is irrational because no drug paraphernalia was found on appellant, 2.5 grams of crack cocaine is much larger than the .2 grams a typical user would possess, and it is irrational to conclude that the "frantic" woman calling attention to herself as she flagged down cars was a drug dealer. Therefore, appellant's hypothesis is "mere conjecture" and "the reasonable inferences from [the circumstances proved] are consistent only with [appellant's] guilt and inconsistent with any other rational hypothesis." *See State v. Lahue*, 585 N.W.2d 785, 788-89 (Minn. 1998).

## II.

Appellant argues that the district court abused its discretion by redefining constructive possession when responding to a jury question. A district court has broad discretion when giving jury instructions. *State v. Kelley*, 855 N.W.2d 269, 274 (Minn. 2014). "But a district court abuses that discretion if its jury instructions confuse, mislead, or materially misstate the law." *Id.* (citations omitted). In response to a question from the jury, the district court may "give additional instructions." Minn. R. Crim. P. 26.03, subd. 20(3); *see also State v. Crims*, 540 N.W.2d 860, 864 (Minn. App. 1995), *review denied* (Minn. Jan. 23, 1996). The district court is not required to use the standard jury instructions, *State v. Smith*, 674 N.W.2d 398, 401 (Minn. 2004), and it may tailor the

instructions to fit the facts of each case, *State v. McCuiston*, 514 N.W.2d 802, 804 (Minn. App. 1994), *review denied* (Minn. June 15, 1994). But the district court may not give additional instructions "in such a manner as to lead the jury to believe that it wholly supplants the corresponding portion of the original charge." *State v. Murphy*, 380 N.W.2d 766, 772 (Minn. 1986).

> To establish constructive possession, the state must prove:

> > (a) that the police found the substance in a place under defendant's exclusive control to which other people did not normally have access, or (b) that, if police found it in a place to which others had access, there is a strong probability (inferable from other evidence) that defendant was at the time consciously exercising dominion and control over it.

*State v. Florine*, 303 Minn. 103, 105, 226 N.W.2d 609, 611 (1975). "[C]onstructive possession need not be exclusive, but may be shared." *State v. Smith*, 619 N.W.2d 766, 770 (Minn. App. 2000), *review denied* (Minn. Jan. 16, 2001).

Here, the district court initially instructed the jury with the standard instruction, which undisputedly conforms to the *Florine* standard. *See* 10A *Minnesota Practice*, CRIMJIG 32.42 (2006 & Supp. 2014); *see also Florine*, 303 Minn. at 105, 226 N.W.2d at 611. Then, during deliberations, the jury submitted the following question to the district court: "Under the Minnesota laws, specifically who is responsible for the contents in a vehicle? Please redefine the parameters of possession." Over appellant's objection, a substitute district court judge responded:

> > The law does not specifically delineate who is responsible for the contents of a motor vehicle. The question before you is a bit different. It is whether the defendant possessed controlled substances. I'll give you another explanation of the term

5

> "possession" that is worded slightly differently than [the previous judge] instructed you, although the principles remain the same.
>
> The law recognizes two kinds of possession—actual possession and constructive possession. A person who knowingly has direct physical control over a thing is then in actual possession of it. A person who is not in actual possession of a thing, but who knowingly has both the power and the intention to exercise authority and control over it, either directly or through another person, is then in constructive possession of it.
>
> Thus, you may find that the element of possession, as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession.
>
> I would further point out that a person may possess a controlled substance even though another person actually owns it, and that it is not necessary that possession occur for any particular amount of time.

Minn. R. Crim. P. 26.03, subd. 20(3), states that "[i]f the jury asks for additional instruction on the law during deliberation, the court must give notice to the parties" and may "give additional instructions." The substitute judge complied with the rules by giving notice to the parties, hearing the parties' arguments for and against giving an additional instruction, and exercising its discretion to give an additional instruction.

Although the substitute judge's response differs from the standard jury instruction, the substitute judge's redefinition of constructive possession is the functional equivalent of the *Florine* standard. The use of the phrase "knowingly has both the power and the intention to exercise authority and control over it" is substantially synonymous with "consciously exercising dominion and control over it" because "knowing" is defined in part as "conscious"; "power" is defined in part as having "[d]ominance, control, or influence"; and "intentional" means "[d]one with the aim of carrying out the act."

6

*Black's Law Dictionary* 883 (defining intentional), 950 (defining knowing), 1288 (defining power) (9th ed. 2009). In addition, because constructive possession may be shared, *Smith*, 619 N.W.2d at 770, the phrase "through another person" did not improperly expand liability under the constructive-possession doctrine. Lastly, the substitute judge's response did not wholly supplant the prior instruction because the substitute judge indicated that he would give "another explanation . . . that is worded slightly differently, . . . although the principles remain the same." For these reasons, the district court did not abuse its discretion when responding to the jury question.

**Affirmed.**