*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0374**

State of Minnesota,
Respondent,

vs.

Rhiannon Marie Zych,
Appellant.

**Filed September 19, 2016
Affirmed
Ross, Judge**

Wabasha County District Court
File No. 79-CR-15-495

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Karen S. Kelly, Wabasha County Attorney, Wabasha, Minnesota (for respondent)

Dominique J. Navarro, Restovich Braun & Associates, Rochester, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Connolly, Judge; and Toussaint, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**ROSS**, Judge

Rhiannon Zych was high on drugs at 2:00 in the morning when she and her companion pulled over to ask deputies for directions. The state charged Zych with fifth-degree possession of a controlled substance and petty-misdemeanor possession of drug paraphernalia after deputies found methamphetamine and related material in the glove compartment of the car in which she was the only passenger. The case proceeded to trial on stipulated facts under Minnesota Rule of Criminal Procedure 26.01, subdivision 3. The district court convicted her of both charges. Zych appeals, arguing that the stipulated evidence was insufficient to prove her possession. Because the circumstantial evidence allows for no reasonable hypothesis other than that Zych possessed the methamphetamine and paraphernalia, we affirm.

## FACTS

Three deputies were standing and chatting in the lot of the carwash on Maple Street in Mazeppa at about 2:00 one morning in June 2015 when a car pulled up. Evan Prendez was driving and Rhiannon Zych was in the passenger seat. Prendez leaned over toward Zych's open window and asked the deputies for directions.

Deputy Keith Fratzke shined his light inside the car and recognized marijuana particles on the front and rear floor. He asked about the marijuana. Prendez said he used to smoke the drug but no longer does, and he suggested that a friend of his might have dropped a baggie or a pipe in the car. Deputy Fratzke asked if there were drugs or a pipe in the car, and Prendez became evasive. The deputy asked for identification from both occupants and

2

insurance papers. Both told the deputy that they had electronic proof of insurance, but they could not access the internet on their phones.

Deputy Fratzke searched the car. When he opened the glove compartment he found small boxes containing straws, Q-tips, a razor blade, and two small baggies with a white crystalline substance that tested positive as methamphetamine. The deputies also found a meth pipe under the driver's seat. Prendez said the methamphetamine was his.

Deputy Fratzke spoke with Zych. She appeared to him to be under the influence of drugs. Zych said that she smoked three "bumps" with Prendez.

The deputies arrested Prendez and took him to jail. There he confessed that he and Zych had used methamphetamine in Red Wing about three hours earlier and were returning to Rochester when they stopped to talk to the deputies. Prendez acknowledged that Zych was his girlfriend or fiancée. He said that the car's insurance policy was being changed so that Zych's former husband would no longer be the named insured.

The state charged Zych with fifth-degree controlled substance crime and petty-misdemeanor possession of drug paraphernalia. Zych requested a stipulated-facts trial under Minnesota Rule of Criminal Procedure 26.01, subdivision 3. The parties stipulated that the district court could receive as evidence the police reports and the recording of Prendez's jailhouse discussion with the deputy.

The district court made fact-findings based on the stipulated evidence. It found that the methamphetamine and incidental materials were discovered in the vehicle where Zych was a passenger, that Zych used methamphetamine with Prendez hours before they encountered the deputies, and that Zych was under the influence of methamphetamine. The

3

court found also that Zych and Prendez jointly possessed the methamphetamine that the deputy found in the glove compartment. It found Zych guilty of both charges. The district court stayed adjudication of Zych's conviction and placed her on probation for five years. Zych appeals.

## DECISION

Zych argues on appeal that the stipulated evidence does not support the guilty verdict. By proceeding on stipulated facts under rule 26.01, subdivision 3, as opposed to subdivision 4, Zych retained her ability to challenge the sufficiency of the evidence on appeal. *See State v. Eller*, 780 N.W.2d 375, 379 (Minn. App. 2010). When reviewing a rule 26.01, subdivision 3 conviction, we examine the entire record to determine whether sufficient evidence supports the verdict. *State v. Dominguez*, 663 N.W.2d 563, 566 (Minn. App. 2003). We hold that it does.

Possession of a controlled substance can be proved by actual or constructive possession. *State v. Florine*, 303 Minn. 103, 104, 226 N.W.2d 609, 610 (1975). When the controlled substance is not found on the defendant's person, the state can prove her guilt by establishing that she constructively possessed the drugs. *Id.* Here, neither the drugs nor the paraphernalia were found on Zych's person, and so the state could prove constructive possession by showing either that the deputy found the drugs and paraphernalia in a place under Zych's exclusive control or that there was a strong possibility, inferred from other evidence, that Zych consciously exercised dominion and control over them. *See id.* at 105, 226 N.W.2d at 611. Because the methamphetamine was found in the glove compartment while Prendez was driving and the record indicates that multiple people used the car, the

car and glove compartment were not necessarily within Zych's exclusive control. *See id.* ("Because defendant did not have exclusive possession of the automobile, one could not automatically infer from the mere fact that cocaine was found in the automobile that the cocaine belonged to defendant."). Without addressing whether the state could establish Zych's guilt for *joint* possession by proving that Zych and Prendez *together* possessed the car to the exclusion of all others, we turn to consider whether the conviction can rest on the second method of constructive possession (that there was a strong possibility, inferred from other evidence, that Zych consciously exercised dominion and control over the drugs and paraphernalia).

Because the stipulated facts provide only circumstantial evidence of Zych's possession, we review under a two-step circumstantial-evidence analysis. *State v. Silvernail*, 831 N.W.2d 594, 598 (Minn. 2013). We first identify the circumstances proved, assuming that the fact-finder resolved any contradictions consistent with the verdict. *Id.* at 598–99. We then independently examine the reasonableness of all inferences that could be drawn from those circumstances. *Id.* at 599. To affirm, we must conclude that all circumstances proved are consistent with guilt and inconsistent with any reasonable, innocent hypothesis, not deferring to the fact-finder's choice between the reasonable alternatives. *State v. Andersen*, 784 N.W.2d 320, 329–30 (Minn. 2010).

The circumstances proved and those necessarily inferred from the stipulated exhibits are these: the glove compartment immediately in front of Zych contained methamphetamine, straws, Q-tips, and a razor blade; Zych was the only passenger in the car and was seated closest to the glove compartment; Zych was under the influence of drugs

5

and admitted to smoking drugs within hours before the encounter with deputies; Prendez told the deputy that he and Zych used methamphetamine before they encountered the deputies; Zych and Prendez had a close relationship; until recently, the car's insurance policy named Zych's former husband as an insured. These facts reasonably indicate that Zych possessed the glove-compartment contents at least jointly with Prendez.

Zych does not clearly articulate any alternative rational hypothesis. She instead suggests that the evidence is insufficient because, although she used drugs that night, she did not knowingly possess these specific drugs. She argues that the district court clearly erred by finding that she smoked methamphetamine, rather than something else, earlier that night because the parties did not stipulate to this fact. But the parties stipulated that the district court could consider the police reports and Prendez's recorded statement. And Prendez stated specifically that he and Zych used methamphetamine, not merely that they had used drugs generally. The challenged finding is supported by the evidence.

Zych likens this case to *State v. Sam* and argues that she should similarly prevail on her sufficiency-of-the-evidence claim. 859 N.W.2d 825 (Minn. App. 2015). But *Sam* does not resemble this case. In *Sam*, we reversed a driver's drug-possession conviction after methamphetamine was found in the glove compartment of a car he had borrowed and in the front-seat passenger's wallet. *Id.* at 828–29. We saw two alternative hypotheses based on the evidence: the drugs were already in the car when the defendant borrowed it or the passenger put the methamphetamine in the glove compartment. *Id.* at 835. No evidence in the record showed the defendant even knew about the drugs. *Id.*

Unlike the defendant in *Sam*, Zych was the closest person to the drugs, Zych had used methamphetamine before the arrest, Zych had traveled in the car with Prendez from where they had used methamphetamine to where they encountered deputies, Zych was still under the influence of drugs at the time of the arrest, and the ownership interest in the car can implicitly be traced to Zych by way of her former marriage.

Zych offers no reasonable hypothesis other than guilt. The record supports the district court's conclusion that Zych at least jointly possessed the methamphetamine and paraphernalia.

**Affirmed.**